HENRY THOMAS AND WIFE, *Appellants, v.* THE UNION PACIFIC R. R. CO., *Respondent.*

SEC. 15 AND 17 OF LIMITATION ACT.—The term " liability," as used in Sections 15 and 17 of the Limitation Act, does not extend to tort.

ACTION FOR DAMAGES WHEN BARRED.—An action by a passenger against a carrier to recover damages for injuries. received through the negligence of such carrier, not having been specially provided for in the Limitation Act, is embraced under the general provision of section twenty, and must be commenced within four years after the cause of action shall have accrued.

APPEAL from the Third District Court.

The facts appear in the Opinion.

*J. C. Hemingray,* for Appellants.

*Hempstead & Kirkpatrick,* for Respondent.

BOREMAN, J., delivered the Opinion of the Court.

This is an action by husband and wife against a common carrier for injuries sustained by the wife by reason of the negligence of the carrier.

The Defendant (the Respondent), demurred to the complaint upon two grounds, viz.:

First—Misjoinder of parties plaintiff, and,

Second—The Statute of Limitations.

The demurrer was sustained and the suit dismissed.

In this Court the Respondent abandons the first ground, and relies entirely upon the Statute of Limitations, claiming that the action was barred by the two years provision of Section 17 of Statute. (Utah Laws of 1872, p. 22 Sec. 17).

The Appellants rely upon Sec. 20 of the same Act, and claim four years as the limit.

That clause of Sec. 17, relied upon by Respondent, says, " An action upon a contract, obligation or liability, *not founded upon an instrument of writing,*" may be brought within two years. Section 15 provides that " An action founded upon a contract, obligation or liability, *founded upon an instrument of writing,*" may be brought within four years. The word "liability" in both cases evidently embraces the same kinds of responsibility. The immediate context is the same, except that in one case this responsibility must appear · from some writing, and in the other such responsibility is not to appear from any writing. In Sec. 15, no one would contend that a test was embraced by the word "liability," for that word is limited in its meaning by the words "contract" and ". obligation." Such we think is also the case in Sec. 17. The term "liability" embraces a responsibility arising from a growing out of some express or implied consent of parties, not affirming from any writing, and the able context shows that such responsibility did not extend to tort. If we could say that it did embrace tort by reason of the liability in question having some connection with the written passenger ticket of the Respondent to Appellant, then we are bound to conclude that the liability is to be referred to Sec. 15 instead of Sec. 17, and thus it would not be barred under four years.

But we are inclined to think that the liability incurred is not embraced in either the 15th or 17th sections.

Section twenty (20) provides that an action for relief not herein before provided for, must be commenced within four [years after the cause of action shall have accrued."

As this action is not embraced in any section preceding section twenty, and this class of torts having nowhere else been provided for in the statute, we conclude that it is embraced under the general provisions of Sec. 20. Judgment is reversed and the cause remanded for further proceedings.

LOWE, C. J. and EMERSON, J., concurred,