MARY McGAFFIN, Respondent, *v.* THE CITY OF COHOES, Appellant.

The provision of the charter of the city of Cohoes (§ 5, title 13, chap. 912, Laws of 1869), declaring, that "no action against the city on a contract, obligation or liability, express or implied, shall be commenced except in one year after the cause of action shall have accrued," does not include actions for torts; and so, does not apply to an action against the city for damages resulting from negligence in not keeping the side-walks of the city in proper repair.

(Argued June 19, 1878 ; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 11 Hun, 357.)

This action was brought to recover damages for injuries alleged to have been caused by the negligence of defendant in not keeping the side-walk upon one of the streets in repair.

The action was not commenced until more than one year after the accident.

The defendant pleaded as a bar the provision of the charter of said city (§ 5, title 13, chap. 912, Laws of 1869), which provides, that " no action against the city on a contract, obligation or liability, express or implied, shall be commenced except in one year after the cause of action shall have accrued.

*Matthew Hale,* for appellant. The provision of defendant's charter, that " no action against the city on a contract, obligation or liability, express or implied, shall be commenced except within one year after the cause of such action shall have accrued," includes an action for negligence. (Laws 1862, p. 2383, chap. 912, title 13, § 5; *Barton* v. *City of Syracuse,* 36 N. Y., 54; *Mills* v. *Brooklyn,* 32 id., 489; *Lee* v. *Sandy Hill,* 40 id., 442; *Wallace* v. *Mayor, etc.,* 2 Hill, 440; *Walker* v. *Lockport,* 43 How., 366.)

*N. P. Hinman*, for respondent. This action being one *ex delicto* was not barred because not brought within a year from the time, the cause of action accrued. (1 N. Y., 63, 69; 37 id., 646; *Howell* v. *City of Buffalo*, 15 id., 512; *McClure* v. *Suprs.*, 4 Abb. [N. S.], 202; 33 How., 207; 50 Barb., 594; *Quinlan* v. *City of Utica*, 11 Hun, 217, 221; *Nims* v. *City of Troy*, G. T., 2d Department, not reported; *Heacock* v. *Sherman*, 14 Wend., 58; *White* v. *Wager*, 32 Barbour, 254; *People* v. *Supervisors*, 51 New York, 405; *Jones* v. *Sheldon*, 50 id., 477; *Holmes* v. *Carley*, 31 id., 290–292; *Townell* v. *Hall*, 4 id., 140; 33 Barbour, 207; *In re Brodway*, 63 id., 591; *Pillow* v. *Bushnell*, 5 id., 156–159.)

Church, Ch. J. This action is claimed to be barred by the limitation of one year prescribed in the charter of the defendant. (Laws of 1869, p. 2383.) The last clause of section 5 of title 13 of the charter reads as follows : " And no action against the city on a contract obligation or liability express or implied, shall be commenced except within one year after the cause of action shall have accrued."

The word " liability " standing by itself in a literal comprehensive sense would include the cause of action involved in this case, which is an action for damages resulting from negligence in not keeping the side-walks of the city in proper repair, and the defendant insists that this meaning must be given to it, while the plaintiff contends that the meaning of the words " contract obligation, or liability " should be confined to actions for such claims, accounts or demands as are required to be presented for audit, and that it was not intended to include actions for torts. After a careful examination of the question and the authorities bearing upon it, I have arrived at the conclusion that the position of the plaintiff is correct, and I therefore concur in the opinion of the court below.

While it is a well-settled rule that when the language of a statute is unambiguous, the question of construction does not

arise, and effect must be given by the courts to its established meaning, the cases are numerous where the literal meaning of words are qualified and limited by courts, by the subject-matter, by the context, the purpose to be attained, and the association in which they are found, in order to carry out the intent and object of the Legislature. These rules are not antagonistic. The one requires courts to construe the language of a statute according to its ordinary and approved meaning when it is plain, and there is no circumstance which can legitimately qualify or limit it, while the other requires an examination of surrounding circumstances to the end that arbitrary and literal constructions may be avoided when it is apparent that they were not intended. It would be an unfortunate rule that every word found in a statute must be given the most comprehensive meaning of which it is capable. Words may be necessarily used which aptly express the purpose intended, and yet may be made to comprehend much more. It is a legal maxim that "he who considers merely the letter of an instrument, goes but skin deep into its meaning." (Broom's Legal Max., 658.) The learned author observes, that "the meaning of particular words, indeed, in statutes, as well as in other instruments, is to be found, not so much in a strict etymological propriety of language, nor even in popular use, as in the subject or occasion on which they are used, and the object that is intended to be attained."

So words are often used redundantly or repetitiously without strict regard to the meaning of each, but for greater caution to express the full meaning of the principal subject. In such cases the maxim "*noscitur a sociis*" is applied, as in *Corning* v. *McCullough* (1 N. Y., 47–69), where it was held that the three years statute of limitation of certain actions upon a statute "for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved," should be construed as meaning actions for a forfeiture or cause of action *of the same or like nature* as forfeiture. In the light of these and other familiar rules, the actions described by the language quoted must be regarded as intended to embrace actions

upon such claims and demands as are required to be presented for audit to the common council, and it seems reasonably clear that claims for damages for misfeasance, neglect, and the like, were not intended to be embraced.     Title 13 in which the clause is found, is entitled " city expenditures," and the *first* section provides that " no account, claim, or demand, shall be audited, allowed or paid by the common council, unless the same was duly authorized by vote."     The claim involved in this action could not be allowed, audited, or paid, because it was not and could not be in any proper sense " authorized by vote," unless compromised, and then the original cause of action would be merged.     The *second* section requires all resolutions authorizing the expenditure of money, to appropriate specifically the amount to be expended. The *fourth* section requires the common council to examine, and settle, and allow, " all accounts, claims, and demands, chargeable against the city," and the *fifth* section requires " all accounts, claims, and demands against the city " to be presented in writing, specifying the items, and to be verified as therein specified, and provides that all such claims which are not allowed in whole or in part, shall be barred, unless an action is brought within six months, and then follows the clause in question.     The *seventh* section provides that no costs shall be recovered in actions upon claims not presented.

It is manifest I think that the whole of this title was intended to treat of matters which relate, as its title imports, to city expenditures, as described, and audit and payment are provided for in the act.     All accounts, claims and demands must be presented for audit, properly verified.     These must be such as are chargeable against the city, and if they are the common council must audit and allow them, but they must audit such, and such only as have been authorized by vote. These provisions were clearly intended to provide for the usual expenditures of a municipality, such as for services rendered, work done, or materials furnished, and the like. It would be useless to present such a claim as the one involved in this action, for the reason that there was no authority for

either auditing or paying it.    The short statute of six months, applicable to accounts presented and rejected in whole or in part, and the one year limitation to accounts not presented, and the *seventh* section, prohibiting the recovery of costs in actions upon the last mentioned accounts or claims, must all be regarded from the context, the subject matter, and the object to be attained, as referring to the same class of accounts and claims, viz.: Such as are contemplated to be audited and paid in accordance with the provisions of the charter.    It cannot be presumed that the Legislature intended to give the city of Cohoes exceptional rights in this respect, in actions upon claims not provided for or embraced within the provisions of the act.    These views are sustained by the reasoning in several cases, more or less analogous.    (*Howell* v. *City of Buffalo*, 15 N. Y., 512; *Quinlan* v. *City of Utica*, not reported; *McClure* v. *Bd. of Suprs. of Niagara Co.*, 50 Barb., 594.) But I am not prepared to assent to the position that the legal signification of the language employed aside from the foregoing considerations, would embrace actions of this character. The words " express or implied " apply only to contract obligations, and the use of these words is significant of an intent to confine the limitation to actions upon such obligations.    If all actions were intended to be limited, no specification would have been required or inserted.    The learned counsel for the defendant could specify two cases only which would not be embraced in his construction of the statute ; one was an action to foreclose a mortgage in which the defendant should be made a party as a subsequent incumbrancer, and the other in an action of interpleader.    Without stopping to inquire whether both these actions would not be included within the construction claimed, it cannot be presumed that the Legislature intended to provide an exception for such very unusual actions against a municipal corporation, and especially not without indicating some such purpose. The *first* subdivision of the ninty-first section of the late Code, providing for six years limitation of actions, contains the same language, and it is claimed that this action would be limited

under that subdivision, but I think it would more properly come under the fifth subdivision of that section, "for an injury to the person, or rights of another, not arising on contract." As the limitation would be the same under whichever clause embraced, the construction has never, that I am aware, been judicially determined. But the new Code while retaining the exact language of the subdivision *one*, section ninety-one of the late Code under the six years limitation, which is the language of the defendant's charter, has expressly provided a three years limitation by sub. 5, section 383, in "an action to recover damages for a personal injury, resulting from negligence," which is this action. It follows that the Legislature did not regard this action as one embraced in sub. 1, section 91, of the late Code, and which was re-enacted as sub. 1, of section 382, of the new Code. Otherwise there would be two periods of limitation for the same action.

I think that the proper construction of this language is to confine it to actions upon contracts, or obligations, or liabilities express or implied, arising from, or growing out of contracts, and reading the statute "any contract, obligation, or contract liability, express or implied," and that it does not embrace actions for torts. However this may be, I am convinced that this is the proper construction of the language as employed in the defendant's charter.

The judgment must be affirmed.

All concur, except Hand, J., taking no part; Miller and Earl, JJ., absent.

Judgment affirmed.