## ALDRICH v. McCLAINE.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1901.)

No. 604.

NATIONAL BANKS — INSOLVENCY — STOCKHOLDERS' LIABILITY — ENFORCEMENT— LIMITATION.

> The liability of a stockholder of a national bank to respond to an assessment on his stock in case of insolvency of the bank is contractual, though founded on the national banking act (Rev. St. § 5151), making shareholders individually liable for all debts of the bank to the extent of the par value of their stock therein, since an assent to the liability attached to the ownership of bank stock is implied by his voluntary act of acquiring it; and if he is a resident of Washington, and the bank is located there, a suit to enforce such liability is governed by Ballinger's Ann. Codes & St. § 4800, subd. 3, which provides that an action on a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument, may be commenced within three years after the cause of action shall have accrued.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

This was an action brought by the plaintiff in error, as receiver of the First National Bank of South Bend, Wash., a corporation of that state, against the defendant in error, a citizen of the state of Washington, and a stockholder in said bank, for the recovery of the proportionate amount due on his stock of an assessment levied by the comptroller of the currency on the capital stock of said bank. The bank suspended business on August 10, 1895, and the assessment was made payable on or before September 17, 1896. This suit was commenced on August 15, 1899, more than two years and less than three years after the date when the assessment became due. A demurrer to the complaint was sustained by the lower court on the ground "that the action was not commenced within the time limited by law." 98 Fed. 379. The plaintiff having declined to plead further, final judgment was entered dismissing the action. These proceedings are now before this court upon a writ of error sued out by the plaintiff.

Hudson & Holt, for plaintiff in error.

T. O. Abbott, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts). It appears that this suit was commenced more than two and less than three years after the date when the assessment levied by the comptroller became due. The insolvent corporation and the defendant being citizens of the state of Washington, the laws of that state as to limitation of actions apply. The plaintiff in error contends that the case is governed by subdivision 3 of section 4800 of Ballinger's Annotated Codes and Statutes of Washington, which provides that "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," may be commenced within three years after the cause of action shall have accrued. The court below ruled that the liability sued upon, namely, that of a stockholder in a national bank, was not contractual, but statutory only, and therefore the suit did not come within the provisions of section 4800, but was governed by section 4805 of the same Code, providing that "an action

for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued." The case thus turns upon the question whether or not the liability of a stockholder in a national bank can be regarded as contractual. Section 5139 of the Revised Statutes (National Banking Act) provides that shares of stock in a national bank shall "be deemed personal property and transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association"; and "every person becoming a shareholder by such transfer shall in proportion to his shares succeed to all the rights and liabilities of the prior holder of such shares, and no change shall be made in the articles of association by which the rights, remedies or security of the existing creditors of the association shall be impaired." By section 5151 it is provided that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts and debts of such association, to the extent of the par value of their stock therein in addition to the amount invested in such shares." Here is a statutory liability, but it is a liability involving all the elements of a contract. The shareholder of such an association has performed a voluntary act in becoming an owner of stock in the association, and this voluntary act has of itself and by force of its contractual character called into existence specific obligations whose nature and extent are determined by the law. When a national banking association is formed, it is in compliance with the terms of the statute, and its stock is obtainable on definitely stated terms. There is nothing compulsory in the transaction. The act of acquiring ownership is purely voluntary. The statute merely attaches conditions to the ownership of the stock. The purchaser of the stock accepts these conditions, and the acts are then completed which give the obligation existence in a contractual form. This question was before the supreme court of the United States in Carrol v. Green, 92 U. S. 509, 513, 23 L. Ed. 738. The defense to the action was the claim that it was barred by the statute of limitations. It was held that the remedy was an action upon the case, founded upon a contract, and as such was barred by the statute of limitations. The court, in arriving at this conclusion, said:

"The legislature created the corporation and prescribed certain terms to which the stockholders should be subjected. This was an offer on the part of the state. It could be accepted or declined. There was no constraint. By taking the stock, the terms were acceded to, the contract became complete, and the stockholders were bound accordingly. The same result followed which would have ensued under the like circumstances between individuals. The assent thus given and the promise implied are of the essence of the liability sought to be enforced in this proceeding. If a remedy at law were necessary, clearly it must have been in case."

In Metropolitan R. Co. v. District of Columbia, 132 U. S. 1, 13, 10 Sup. Ct. 19, 33 L. Ed. 231, the action was brought by the District of Columbia, a municipal corporation, to recover from a street-railroad company the cost of maintaining pavements in a street, which the company was, by its charter, bound to maintain. The charter was granted by an act of congress. One of the defenses interposed to the action was the statute of limitations. This defense was over-

ruled by the lower court on the ground that the action was founded on a statute, and that the statute of limitations did not apply to actions founded on statutes or other records or specialties, but only to such as are founded on simple contract or tort. The supreme court held that the lower court was in error in supposing that the action was founded on the statute. "It was," the court said, "an action on the case upon an implied assumpsit arising out of the defendant's breach of a duty imposed by statute and the required performance of that duty by the plaintiff in consequence. This raised an implied obligation on the part of the defendant to reimburse and pay to the plaintiff the moneys expended in that behalf. The action is founded on this implied obligation, and not on the statute, and is really an action of assumpsit. The fact that the duty which the defendant failed to perform was a statutory one does not make the action one upon the statute. The action is clearly one of those described in the statute of limitations." The cases cited in support of this doctrine are Carrol v. Green, supra; Beatty's Adm'r v. Burnes' Adm'rs, 8 Cranch, 98, 3 L. Ed. 500; McCluny v. Silliman, 3 Pet. 270, 277, 7 L. Ed. 676.

In Richmond v. Irons, 121 U. S. 27, 55, 7 Sup. Ct. 788, 30 L. Ed. 864, the question was whether the personal liability of a stockholder in a national bank for the debts of the corporation survived against his personal representatives. The court, in distinguishing the provisions of the national banking act from the language of the statutes of Massachusetts, points out that under the former the liability of a stockholder in the bank arises upon a contract. The court says:

"Under that act [the national banking act] the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract. debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these undertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder."

And in the case of Bank v. Hawkins, 174 U. S. 364, 372, 19 Sup. Ct. 739, 742, 43 L. Ed. 1007, 1011, in speaking of the contention that the liability of the stockholder in a national bank to respond to an assessment in case of insolvency is not contractual, but statutory, the court said:

"Undoubtedly, the obligation is declared by the statute to attach to the ownership of the stock, and in that sense may be said to be statutory; but, as the ownership of the stock in most cases arises from the voluntary act of the stockholder. he must be regarded as having agreed or contracted to be subject to the obligation."

In the case of Howarth v. Lombard (Mass.) 56 N. E. 888, the supreme court of Massachusetts declares this doctrine to be correct, holding that there is a contractual element entering into the liability of a bank stockholder, although the liability is founded on a statute. "The undertaking," the court says, "is as if one subscribing for stock expressly agreed to take and hold it under a previously prepared con-

tract in writing that all who should become holders of the stock should pay the amount of their subscriptions to the corporation when needed, and should pay the additional sum to create a fund for creditors if the corporation should become insolvent, and a receiver should be appointed to collect it." In a similar case the court of appeals of New York held the liability of a bank stockholder to be a contractual obligation, growing out of an implied assent to the statutory conditions on which the banking association was organized. Howarth v. Angle (N. Y. App.) 56 N. E. 489. See, also, Witters v. Sowles (C. C.) 38 Fed. 703, and Hutchings v. Lampson (C. C.) 82 Fed. 961. It follows, then, that the liability of the defendant in error as a stockholder of a national bank must be held to be not only statutory, but contractual as well. The action brought by the plaintiff in error therefore comes within the limitations of subdivision 3 of section 4800, Ballinger's Ann. Codes & St. Wash. Judgment reversed, with directions to the circuit court to overrule the demurrer.