## DETERMINED IN THE

# SUPREME COURT

### OF

## WASHINGTON

[No. 4867.   Decided April 18, 1904.]

P. D. SUTER *et al., Respondents*, v. WENATCHEE WATER
POWER COMPANY, *Appellant.*[1]

LIMITATION OF ACTIONS — THREE-YEAR LIMITATION UPON CON-
TRACTS NOT IN WRITING—CONSTRUCTION OF STATUTE.   The limita-
tion of Bal. Code, § 4800, subd. 3, for the commencement of
actions upon a contract "or liability," express or implied, which
is not in writing, refers only to contractual liabilities.

SAME—DAMAGE TO REAL PROPERTY BY OVERFLOW—WHEN NOT A
TRESPASS.   An action for damages to real property through an
overflow caused by the defendant's negligent construction of an
irrigating canal, lawfully built, but without sufficiently providing
for carrying off the surplus water or controlling the flow, is not
an action for trespass within the purview of the three-year limi-
tation for actions for "trespass upon real property," since the
damages are consequential only, and not direct, as required to
create trespass at common law; and such action is barred if not
commenced within two years from the time the damage accrued.

SAME.   In such a case, even if the water was under control,
negligently permitting it to escape would not create a forcible
trespass, and the damages would be consequential, recoverable at
common law in an action on the case only.

Appeal from a judgment of the superior court for Che-
lan county, Martin, J., entered June 1, 1903, upon the
verdict of a jury rendered in favor of the plaintiff in

[1]Reported in 76 Pac. 298.

an action for damages to real property by reason of the overflow of an irrigation canal.   Reversed.

*Will H. Thompson, L. C. Gilman, Danson & Huneke,* and *Burt J. Williams,* for appellant.

*Dill & Crass,* for respondents.

HADLEY, J.—Respondents are husband and wife, and the appellant, a corporation, is the owner and operator of an irrigation canal with lateral connections, in Chelan county, Washington.   The canal was constructed prior to 1899.   It commences about five miles above the mouth of the Wenatchee river, follows along the bank of said river a distance of about four miles, and thence one branch extends in a northeasterly direction to a point near the Columbia river.

This suit was brought by respondents against appellant, and the complaint alleges, that the said lateral canal was constructed about five feet wide and three feet deep, to the point last mentioned; that, from said point, appellant plowed a furrow across and around the lands of respondents, leading to the Columbia river, which furrow was about twelve inches in width and six inches in depth; that the furrow was not of sufficient capacity to carry away, and around the lands of respondents, the volume of water conveyed to said point as the terminus of the original canal. It is further alleged, that the appellant carelessly and negligently constructed said canal by failing to supply the necessary waste gates and means for the escape of the surplus accumulation of water, before it arrived at respondents' land, and also failed to properly attend to the escape of such surplus accumulation; that on or about June 10, 1900, the appellant permitted the waste and surplus water, which naturally drained from the

country lying above said canal, to accumulate therein to such an extent as to fill it to its full capacity; that appellant permitted the water to flow along said original canal to its full capacity, to the point of its terminus aforesaid; that the aforesaid furrow, leading from said terminus, was wholly insufficient in capacity to receive and convey the water which had thus accumulated in the original canal; that, by reason of the insufficiency of said furrow for said purpose, the waters overflowed, washed and cut through the bank of the furrow and the end of the canal, and thence ran over and across the lands of respondents and down into the Columbia river; that thereby such deep and wide ditches were washed and cut in said land as damaged it to the extent of $1,000, and recovery thereof is demanded.

Appellant demurred to the complaint on the ground that it appears upon the face thereof that the action was not commenced within the time prescribed by law. The demurrer was overruled, to which ruling appellant excepted. Appellant then answered, denying material allegations of the complaint, and, among other things, pleaded affirmatively that the acts complained of occurred more than two years prior to the commencement of the action, and that, if respondents ever had any cause of action whatsoever, on account of said acts, the same had been barred by the statute of limitations. A demurrer to said affirmative defense was sustained, and appellant excepted thereto. The cause was thereafter tried before the court and a jury, and a verdict was returned in favor of respondents in the sum of $300. Appellant moved for a new trial, which was denied. Judgment was entered for the amount of the verdict, and the defendant has appealed.

Respondents have moved to strike from the record appellant's exceptions to the court's instructions, on the

ground that they were neither included in the statement of facts, nor in any way certified by the trial court. A motion is also made to strike the statement of facts and certain affidavits sent up with the record. We think it unnecessary to discuss these motions, since we believe the case must be determined upon the demurrers heretofore mentioned.

It is assigned that the court erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the affirmative answer, each of which rulings involved the statute of limitations. It will be remembered that the damages sought are alleged to have accrued on the 10th of June, 1900. This action was commenced more than two years thereafter. Unless the acts complained of come within some specific provision of the statute of limitations, the action must be governed by § 289a, Pierce's Code, § 4805, Bal. Code, which limits the time for commencing the action to a period of two years after the cause of action shall have accrued.

Since the cause of action is not based upon a contract in writing, or liability, express or implied, arising out of a written contract, we must therefore refer to § 285, Pierce's Code, § 4800, Bal. Code, to ascertain if any specific provision of the three-year statute of limitations applies here. The action, not being founded upon contract, or liability arising therefrom, is not governed by subd. 3 of said section, which provides as follows: "An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." The term "liability," used in said subdivision, was evidently intended to refer to a contractual liability. Such, in effect, was the decision in *Sargent v. Tacoma,* 10 Wash. 212, 215, 38 Pac. 1048. The same statute was so construed by the United States

circuit court, district of Washington, in *Aldrich v. Skinner*, 98 Fed. 375, and also in *Aldrich v. McClaine*, 98 Fed. 378. The last named case was, on appeal to the United States circuit court of appeals, reversed. *Aldrich v. McClaine*, 106 Fed. 791. The reversal was, however, upon the ground that the liability involved was a contractual one, the lower court having held otherwise. The appellate court construed the statute itself as did the lower court. For similar construction, see *McGaffin v. City of Cohoes*, 74 N. Y. 387, 30 Am. Rep. 307, and *Thomas v. Union Pacific R. Co.*, 1 Utah 235.

If any part of the said three-year statute applies here, it must be subdivision 1, which is as follows: "An action for waste or trespass upon real property." Respondents urge that the action is for trespass, and is, therefore, governed by the above quoted subdivision. It is therefore necessary to determine whether the acts complained of constituted a trespass. The construction of the canal by appellant was for a lawful purpose, and it was, therefore, not an unlawful or wrongful act to permit water to flow through it. The complaint, however, charges negligence in the manner of construction, and in permitting an excessive amount of water to flow through the canal. The manner of construction was not in itself wrongful. Appellant had the lawful right to construct as it chose, and to permit the water to flow through the canal to to its full capacity. These things were of no concern to respondents, unless they resulted in some injury to them. Such injury, so resulting, must necessarily have been consequential, and not the direct result of wrongful force applied to the respondents' lands, as must have been true to create a trespass.

"It is not trespass to flow the lands of another with water by erecting a dam below his land, for any one may

lawfully build a dam on his land, and the act, being injurious only in its consequences, is to be redressed by an action on the case." Gould, Waters (3d ed.), § 210.

In this state the distinctions between common law actions are abolished, as far as relates to the procedure. We must, however, determine what the legislature meant when it referred to an action for "trespass upon real property." The same was true in *Hicks v. Drew,* 117 Cal. 305, 49 Pac. 189. There it was held that the erection of a bulkhead on one's own land, whereby the lands of another were flooded, was not a trespass, and hence that an action for damages caused by such flooding was not within the statute limiting actions for "trespass upon real property." The court observes as follows:

"While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making power of this state had in mind when using the phrase, 'trespass upon real property.' It appears that the courts of England often experienced difficulty in determining whether trespass or case was the true remedy to be pursued. This same difficulty often arises in this state, when the statute of limitations is invoked. But in the case at bar, weighed and tested by the rules of the common law, the distinction between these two forms of common law actions is clearly apparent; and that this case upon its facts is one wherein it is sought to recover upon a liability not based upon an instrument of writing, and, therefore, barred in two years, we are satisfied. One of the best tests by which to distinguish trespass is found in the answer to the question, When was the damage done? If the damage does not come directly from the act, but is simply an after result from the act, it is essentially consequential, and no trespass."

Then follows a discussion of authorities, showing the distinction between acts constituting trespass, for which redress was had through the common law action of trespass, and those affecting only consequential results, damages for which were recoverable through an action on the case.

In *Roundtree v. Brantley,* 34 Ala. 544, 73 Am. Dec. 470, the action was for the overflowing of the plaintiff's land, caused by the formation of a sand bank in a stream from the washing of sand through the defendant's ditch. It was held that the acts did not constitute trespass, and that the statute of limitations upon the subject of trespass to real property did not apply. The court said:

"It is argued that trespass is a comprehensive term, which includes trespass on the case; and that this cause of action is a trespass on the case to real or personal property, which is embraced in the section under the term 'trespass.' It is true that *trespass,* in one sense, means an injury or wrong; and, in that sense, it would include every cause of action, at least in tort. But trespass has, in the law, a well ascertained and fixed meaning. It refers to injuries which are immediate, and not consequential. It is clear that the word is used in that sense in section 2477. It would be a perversion of language to dominate an act, which produced a consequential injury to real or personal property, a trespass. It would be a perversion alike of the legal and common acceptation of the words."

In *Holly v. Boston Gas Light Co.,* 8 Gray 123, 69 Am. Dec. 233, the action was for damages arising from negligence in suffering gas pipes to be and remain out of repair. The court declared that the act complained of was not trespass, and observed as follows:

"The defendants lawfully laid down their pipes in the public street, and filled them with gas. If they failed to discharge their duty in regard to its distribution, and negligently suffered it to escape, they were liable there-

for to other parties for all consequential damages, and might be proceeded against for the recovery of compensation, in an action in the nature of an action of the case, but not as trespassers, in an action of trespass."

The same distinctions are observed in *Cooper v. Hall*, 5 Ohio 321, and *Daneri v. Southern Cal. R. Co.*, 122 Cal. 507, 55 Pac. 243.

Respondents cite cases involving trespasses committed by animals, as analogous to the principle under examination here. Such were, however, expressly held to constitute trespass at common law. Every unwarrantable entry by a person or his cattle on the land of another was a trespass. The act of the animal was classified as though it were the act of the owner. The injury was the direct and immediate result of the wrongful force, and was not consequential. Consequential damages, resulting from such acts as are complained of in the case at bar, were, however, recoverable in an action on the case only, and not in an action for trespass.

We must, therefore, conclude that, when our law makers provided a three-year limitation for actions for "trespass upon real property," they meant to include only such recovery as could have been had through the action of trespass at common law. It follows that actions under our present procedure, through which relief is sought for injuries to land, and which could have been had at common law through an action on the case only, are governed by our two-year statute of limitations, hereinbefore cited.

Respondents argue in their brief that appellant's act was a forcible one, in that they assert it let the waters into the canal through the head gate, and that the injury to their lands was the immediate result of such forcible act. It is asserted that the water was under appellant's absolute control from the time it entered into its

canal from the Wenatchee river until it was let out at the end of the lateral. Such is, however, not the case alleged in the complaint. The complaint is based upon the negligence in the construction of the canal, and upon its insufficiency to carry the surplus water which accumulated, at the time mentioned, by drainage from above. If such were true, it is manifest that the water was not under the immediate and absolute control of appellant, as respondents now argue. The theory of the complaint is that the injury resulted from negligent construction, which occurred long before, and whereby appellant failed to properly handle the waste and surplus water. The act was remote from the injury. The latter was purely consequential, and not the direct or immediate result of the former.

Moreover, if respondents' present argument were supported by the allegations and theory of the complaint, then, even though appellant had full control of the water, it still follows, from the reasoning in the cases cited above, that it was not doing a thing unlawful in itself when it permitted the water to run through its canal; and if, after running through the canal, it was negligently permitted to escape, the appellant was liable for consequential damages, recoverable at common law in an action on the case only, and not in an action of trespass. We therefore think, that, under the cause of action stated in the complaint, our statute of limitations barred the action after two years. It follows that the court erred in overruling the demurrer to the complaint.

The judgment is, therefore, reversed, and the cause remanded, with instructions to the lower court to set aside the verdict and to sustain the demurrer to the complaint.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.