## CORE v. McWILLIAMS COMPANY, INC.

Opinion delivered October 24, 1927.

1.    LIMITATION OF ACTIONS—RECOVERY OF MONEY PAID ON VOID CONTRACT.—A complaint in an action by landowners and taxpayers of a road improvement district, alleging that money belonging to the district was paid defendant on a void contract, and that defendant converted it to its own use, *held* not to state an action founded on contract within Crawford & Moses' Dig., § 6950, providing that such action shall be brought within three years.

2.    LIMITATION OF ACTIONS—RECOVERY OF MONEY PAID ON VOID CONTRACT.—An action by landowners and taxpayers of a road improvement district to recover money alleged to have been paid defendant on a void contract and converted by it, *held* to be covered by Crawford & Moses' Dig., § 6950, providing that all actions not included in the previous sections relating to limitation of actions should be commenced within 5 years from the time the cause of action accrued.

Appeal from Poinsett Chancery Court; *John W. Scobey,* Special Chancellor; reversed.

*Gautney & Dudley,* for appellant.

*Davis & Costen,* for appellee.

WOOD, J.    This is an action by the appellants, landowners and taxpayers of Road Improvement District No. 7 of Poinsett County, Arkansas, against the appellees to recover the sum of $31,890.77.    It is unnecessary for the

purposes of the decision to set out the whole complaint. It is conceded that the only question in the case is whether or not the action is barred by the statute of limitations. The complaint, after setting up the organization of Road Improvement District No. 7 (hereafter, for convenience, called district) and the history of the proceeding leading to the deposit of the money which they seek to recover, in the First National Bank of Marked Tree (hereafter called bank), in substance alleges that the sums of money were unlawfully paid out by the bank to the McWilliams Company, Inc. (hereafter called company), by a check signed by B. F. Rogers, without an order of the board of directors of said district and without a warrant being issued for said sum payable to the company signed by the chairman of the board or any officer authorized to sign the same, and without same being signed by the district or any officer thereof authorized to sign the same. The complaint alleged that $25,000 of the aggregate amount was thus unlawfully paid to the company on December 29, 1920, $1,890.77 on April 5, 1921, and the further sum of $5,000 prior to June 1, 1922. The complaint further alleged that, by reason of said payments being made as aforesaid, the defendant company unlawfully received and converted to its own use the sum of $31,890.77, money belonging to the district as aforesaid. It is alleged that the money was unlawfully paid by Rogers and the bank upon a pretended contract made by the commissioners with the company for the construction of the proposed improvement, and that the contract was void for the reason that the assessment of benefits was declared void by decree of the chancery court of Poinsett County, and the company did not carry out the contract, and the money was not paid upon estimates furnished by engineers, and that no improvement was constructed in the district.

The last paragraph of the complaint preceding the prayer, in substance, alleged that the moneys came into the hands of the defendants, B. F. Rogers, C. A. Blanton and H. B. Thorn, as commissioners of the district and the

bank as depository under the express trust created by the act creating the district, and that, as such, they unlawfully converted the same to their own use and unlawfully paid the same to the company, which, in turn, unlawfully converted the same to its own use. There is also an allegation in the complaint to the effect that the payments were not made for the purpose of paying preliminary expenses for the creation and organization of the district. The prayer was for judgment against the defendants for the amount named, with interest, for the benefit of the landowners and taxpayers of the district.

The defendant filed a demurrer, setting up "that the complaint on its face shows the cause of action set out is barred by the statute of limitations, in that the causes of action therein set forth accrued more than three years before the complaint was filed and summons issued to the proper officer."

The cause was submitted upon the demurrer to the complaint. The court found that the cause of action was barred by the statute of limitations, and sustained the demurrer. The appellants stood on their complaint. The court entered a judgment dismissing the complaint, from which is this appeal.

It is conceded by the appellants that the judgment of the court is correct if the three-year statute of limitations governs. But their contention is that the cause of action stated in their complaint is governed by the five-year statute of limitations. The appellees' counsel begin their brief by saying that the only question for decision is whether or not this action is barred by the statute of limitations. They contend that the judgment of the court is correct because, as they insist, the cause of action is governed by the three-year and not the five-year statute of limitations. The question for decision therefore is whether or not the action is barred by the five-year statute of limitations. Section 6950 of C. & M. Digest provides: "The following actions shall be commenced within three years after the cause of action shall have accrued, and not after: (1) All actions founded

upon contract or liability, expressed or implied, not in writing," etc.

Following the above section are many sections designating particular actions and providing for the statute of limitations applicable to such actions. Then comes the following section: "All actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued." Section 6960, C. & M. Digest.

The contention of the appellees is that the action is one founded on contract or liability, express or implied, and governed by the three-year statute of limitations *supra.* But we cannot concur in this view. We are convinced from the allegations of the complaint that the action is one sounding in tort for the unlawful and wrongful conversion of improvement district funds. The action, under the allegations, sounds in tort and not in contract. The allegations are that the money was paid to the company by the commissioners and the bank unlawfully upon a pretended and void contract, without an order of the board of directors of the district, and without a warrant issued to the company signed by the chairman of the board or the district, or any officer authorized to sign the same; that the company unlawfully received and converted to its own use the money belonging to the district; that two of the commissioners knowingly and willfully and corruptly permitted the other commissioner, Rogers, to sign the checks and the bank to unlawfully pay the money, and the company to unlawfully receive the same and to unlawfully convert the same to its own use, and that the money so paid out and converted was held by the bank under the terms of an express trust created by the act creating the district.

The allegations of the complaint are sufficient to show that the money was not paid out and received upon any contract or liability, express or implied. Under the allegations of the complaint the company was a *particeps* to the conversion and unlawful appropriation of the funds, because it was cognizant that the funds were being

wrongfully and illegally paid to it, and, knowing such to be the fact, it received and appropriated such funds to its own use. This would give the property owners and taxpayers of the district a right of action against all those who thus were instrumental in the conversion and misappropriation of the funds.

The case of *Clark* v. *School District No. 16*, 84 Ark. 516, 106 S. W. 677, upon which the appellees rely to sustain their contention, is differentiated from the case at bar by the facts. In that case Clark acted as the clerk of the board of directors of the school district, and rendered services to the board as such, and the board of directors drew warrants for his services. Although these services were illegal, as held in that case, nevertheless they were actually rendered, and Clark received pay for same under a contract with the board. The facts of that case do not show that Clark knew, at the time he received pay for the service, that his contract was illegal, though it turned out to be so. Here the allegations of the complaint clearly show that the company did not do the work for which it ostensibly received payment. It knew that it was receiving money contrary to the express terms of the act creating the district and contrary to the express terms of the trust under which the bank held the money. The complaint charges that the commissioners knowingly, willfully and corruptly issued checks for the payment of money to the company, and that they and the bank unlawfully converted the same to their own use, and that the company in turn unlawfully converted the same to its own use. The allegations are sufficient to show that the directors of the bank were guilty of conduct which clearly amounted to a tort and actual fraud on the district because of the manner in which they handled the funds, and that the company, in receiving the money under these circumstances, was a *particeps* in the tort. In all such cases an action to recover the money cannot be said to be founded upon a contract or a liability growing out of a contract, such as is contemplated under § 6950, *supra*. That statute does not embrace actions sounding purely in tort, but in

contract. See *Suter* v. *Wenatchie Water Power Co.,* 35 Wash. 1, 76 Pac. 298, 102 Am. St. Rep. 881; *McGaffin* v. *City of Cohoes,* 74 N. Y. 387, 30 Am. Rep. 307; *Aldrichs* v. *McLean,* 106 Fed. 791, 45 C. C. A. 631; *Aldrichs* v. *Skinner* (C. C.) 98 Fed. 375.

Section 6960 above covers all actions not included within the provisions specifically named in the sections preceding. The cause of action stated in the complaint under consideration is not covered by any of the preceding sections. It therefore comes within the provisions of § 6960, *supra.*

All cases sounding in tort not coming within the specific provisions in preceding sections are covered by the general provision contained in § 6960 above, under which section the case in hand falls. See *Sims* v. *Craig,* 171 Ark. 492-496, 286 S. W. 867. The decree is therefore reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings according to law and not inconsistent with this opinion.