**ARMSTRONG v. McADAMS et al.**

**No. 8914.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 27, 1931.

Ira J. Mack, of Newport, Ark., for appellant.

Arthur L. Adams and N. F. Lamb, both of Jonesboro, Ark., for appellees.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is a suit by J. W. Armstrong, receiver of the First National Bank of Jonesboro, Ark., appointed by the Comptroller of the Currency to collect and requisition an assessment made August 10, 1926, on the defendant H. H. McAdams, the alleged owner of 306 shares of the stock of that bank of the par value of $25 each, for his double liability to the creditors of that bank under section 5151, Revised Statutes, as amended (12 USCA § 63). Suit was brought by the receiver to collect this assessment on December 23, 1929, and his bill was met by motions of the defendants setting up that any right of the complainant to recover was barred at the date of the commencement of the suit by the statute of limitations. On January 16, 1930, the trial court sustained said motions and dismissed the complaint on the ground that the cause of action set out in the bill was barred by the statute of limitations of three years. Section 6950, Crawford & Moses' Digest of the statutes of the State of Arkansas.

Said section 6950 reads as follows:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after:

"First. All actions founded upon any contract or liability, expressed or implied, not in writing."

Section 6960 of the same digest reads as follows:

"All actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued."

The cause of action accrued August 10, 1926, the date the assessment was made by the Comptroller of the Currency. Suit was therefore instituted more than three years after the cause of action accrued, but within a five-year limitation.

The question for determination here is: Does section 6950 or section 6960 of the Arkansas statutes govern where the cause of action is founded on a liability imposed by

section 5151 of the Revised Statutes of the United States (12 USCA § 63)? Or, is the cause of action set out in the bill of complaint founded upon a contract or liability, express or implied, which is not in writing? The question whether or not liabilities other than those based upon an action founded upon a contract, express or implied, come within section 6950 of the Arkansas statutes is not stressed on this appeal, and no cases are cited contra to an interpretation of this and similar statutes that the term "liability" was intended to refer to a contractual liability. Suter v. Wenatchee Water Power Co., 35 Wash. 1, 76 P. 298, 102 Am. St. Rep. 881; McGaffin v. City of Cohoes, 74 N. Y. 387, 30 Am. Rep. 307; Thomas v. Union Pacific Ry. Co., 1 Utah, 235; McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Core v. McWilliams Co., 175 Ark. 112, 298 S. W. 879, 881. In this latter case the Supreme Court of Arkansas said in this regard:

"In all such cases [tort] an action to recover the money cannot be said to be founded upon a contract or a liability growing out of a contract, such as is contemplated under section 6950, supra. That statute does not embrace actions sounding purely in tort but in contract."

The instant cause of action does not arise out of any written instrument, is not in writing, and the question is therefore narrowed to, whether the complaint sets out an action upon a contract, or a contractual liability, express or implied.

The question has been decided by the United States Supreme Court in the case of McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 412, 49 L. Ed. 702, 3 Ann. Cas. 500. The Supreme Court there had under consideration a statute of limitations of the state of Washington, reading as follows:

"Section 4798. Within Six Years: * * *

"2. An action upon a contract in writing, or liability express or implied arising out of a written agreement." (Ballinger's Code Wash. § 4798.)

It will be noted that the Washington statute upon which the McClaine Case is based and the statute of Arkansas under consideration are similar for all practical purposes, and the Supreme Court in the McClaine Case said:

"The question must be met whether this is an action brought on a contract or not. * * *

"Some statutes imposing individual liability are merely in affirmation of the common law, while others impose an individual liability other than that at common law. If § 5151 had provided that subscribing to stock or taking shares of stock amounted to a promise directly to every creditor, then that liability would have been a liability by contract. But the words of § 5151 do not mean that the stockholder promises the creditor, as surety for the debts of the corporation, but merely impose a liability on him as secondary to those debts, which debts remain distinct, and to which the stockholder is not a party. The liability is a consequence of the breach by the corporation of its contract to pay, and is collateral and statutory. * * *

"It is true that in particular cases the liability has been held to be, in its nature, contractual, yet, it is nevertheless conditional, and enforceable only according to the Federal statute, independent of which the cause of action does not exist; so that the remedy at law in effect given by that statute is subject to the limitations imposed by the state statute on such actions.

"Cases such as Carrol v. Green, 92 U. S. 509, 23 L. Ed. 738, and Metropolitan R. Co. v. District of Columbia, 132 U. S. 1, 10 S. Ct. 19, 33 L. Ed. 231, are not controlling, for in them the right to recover was direct and immediate, and not secondary and contingent. * * * In Carrol v. Green, it was said: 'According to the statute, the liability of "each stockholder" arose upon "the failure of the bank." The liability gave at once the right to sue; and, by necessary consequence, the period of limitation began at the same time.'

"But here the right to sue did not obtain until the Comptroller of the Currency had acted, and his order was the basis of the suit. The statute of limitations did not commence to run until assessment made, and then it ran as against an action to enforce the statutory liability, and not an action for breach of contract."

This decision of the Supreme Court of the United States holding that actions brought under the provisions of section 5151, Rev. St. (12 USCA § 63), were not based upon a contractual liability or obligation, was confirmed in the case of Christopher v. Norvell, 201 U. S. 216, 225, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740; Thomas v. Matthiessen, 232 U. S. 221, 235, 34 S. Ct. 312, 58 L. Ed. 577; and see Page v. Jones, 7 F.(2d) 541 (8th Cir.), where Judge Sanborn said the liability is "entirely statutory."

There is no question but that in an action brought to enforce an assessment made

by the Comptroller of the Currency under section 5151, Rev. Stat. (12 USCA § 63), the statutes of limitation of the state where the cause of action arose are applicable, McClaine v. Rankin, supra; Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222; and a "fixed and received construction by state courts of their respective statute laws" makes such construction a part of the statute law of the country and is binding and should be followed by the federal courts. Note 8, § 725, Title 28, USCA.

Appellees claim that while the Arkansas three-year statute of limitations has not been applied by the Arkansas Supreme Court to the precise question presented in this case, yet the statute has been so construed that by analogy and in principle there remains no other alternative than to apply it in this case. The four cases relied upon as interpreting this Arkansas statute are as follows: Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 59 S. W. 952, 954, 82 Am. St. Rep. 301; Zimmerman v. Western & Southern Fire Ins. Co., 121 Ark. 408, 181 S. W. 283, Ann. Cas. 1917D, 513; Bank of Commerce v. Goolsby, 129 Ark. 416, 196 S. W. 803; Core v. McWilliams Co., 175 Ark. 112, 298 S. W. 879. The latter case was determined by the Supreme Court of Arkansas to be an action sounding in tort and not within the three-year statute of limitations.

The Goolsby Case was founded upon a statute of the state of Arkansas to a great extent declaratory of the common-law liability of the directors of a bank, while the Walsh and Zimmerman Cases are founded upon statutes imposing a liability upon officials of corporations in favor of creditors for failure to file a certificate as provided by the state statutes and by reason of neglect or refusal to comply with provisions of the banking act. In the Walsh Case the Supreme Court of Arkansas decided the obligation was a statutory liability, but within the three-year statute of limitation, "for, before the forms of action were abolished, debt was the proper action for enforcing a statutory liability of the kind under consideration." The decision in the Zimmerman Case follows the Walsh Case, the Supreme Court of Arkansas saying that the same statute of limitations applies.

These statutes, which the Supreme Court of Arkansas has declared to create a contractual liability upon the officers of a corporation or bank, impose a direct liability upon such officers, and such liability becomes fixed and established upon a breach of the requirements of such statute and are therefore to be distinguished from the cause of action in the instant case where the liability is not direct to the creditors, but is contingent in that it can only arise if and when the Comptroller of the Currency makes an assessment, and is indirect in that it amounts to a surety obligation and attaches and exists for the purpose of creating a fund for the exclusive purpose of paying the creditors of the bank equitably and ratably and, therefore, is not a direct liability of the stockholders to any particular creditor.

It is apparent that the Arkansas cases are not controlling on the question here to be decided. They do not constitute "fixed and received constructions" of the matters here to be determined which should be followed by the federal courts. The distinction of cases similar to the Walsh and Zimmerman Cases and the case at bar is pointed out in the McClaine Case, where the Supreme Court of the United States distinguished the case then being tried and the case of Carrol v. Green. This distinction is again pointed out by the Supreme Court of the United States in the case of Thomas v. Matthiessen, supra. As the Supreme Court of the United States has clearly differentiated between a cause of action founded upon a debt or liability created by statute, even where such duty or obligation on the stockholders is additional to those required by the common law, and a conditional indirect statutory liability, such as the instant suit, it would appear that the Arkansas cases cannot be considered as a construction of section 6950 of the Arkansas statutes that would be controlling upon this court even on analogy or principle.

Opinions of courts are not authoritative beyond the questions which they were considering when they decided them. When therefore the Supreme Court of a state does not decide a question as to commit itself to it, it cannot be called an interpretation of the statute or any evidence of what it is, and necessarily does not bind the national courts to follow it. No interpretation having been placed by the Arkansas Supreme Court on section 6950 in its relation to section 5151 of the Revised Statutes of the United States (12 USCA § 63), being the question before us, we are left to follow the opinion of the Supreme Court of the United States. In re Sullivan (C. C. A.) 148 F. 815, 817; Traer v. Fowler (C. C. A.) 144 F. 810, 817; see also note 15 to section 725, title 28, USCA. It follows that the action of the trial court in sustaining the motions to dismiss should

be reversed, and the cause is remanded with directions to the trial court to set aside its order of January 16, 1930, overrule the motions of the defendants, and for further proceedings according to law, and not inconsistent with this opinion.

Reversed.