**EARLY v. CITY OF HELENA, ARK., et al.**

No. 10644.

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1937.

George K. Cracraft, of Helena, Ark. (Brewer & Cracraft and Ozero C. Brewer, all of Helena, Ark., on the brief), for appellant.

C. L. Polk, Jr., of Helena, Ark., for appellee City of Helena, Ark.

Thomas S. Buzbee, of Little Rock, Ark. (H. T. Harrison, A. S. Buzbee, and Edward L. Wright, all of Little Rock, Ark.,

on the brief), for appellee Fidelity & Casualty Co. of New York.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

On November 15, 1930, the Interstate National Bank, of Helena, Ark., pledged with the First National Bank of St. Louis, Mo., bonds of the face value of $25,000 to secure the deposits of the City of Helena in the Interstate National Bank. As further security for such deposits, the Interstate Bank, as principal, and the Fidelity & Casualty Company of New York, as surety, delivered to the city a depository bond for $10,000. On December 31, 1930, the Interstate Bank was closed; the Comptroller of the Currency took it over, and on January 7, 1931, appointed a receiver. On the day the bank closed, the city had on deposit $29,-702.41, and on February 4, 1931, the receiver issued to the city a receiver's certificate for that amount. The city requested the First National Bank of St. Louis to sell the $25,000 of pledged bonds for the city's account. The First National Bank sold these bonds on February 27, 1931, for $20,000, and remitted the proceeds to the city on February 28, 1931. The city applied them upon the receiver's certificate, leaving a balance due thereon of $9,702.41. The Fidelity & Casualty Company paid this balance to the city on March 15, 1931, and took from the city an assignment of the receiver's certificate. Thereafter the receiver of the Interstate Bank, between July 17, 1931, and November 17, 1931, paid to the casualty company dividends upon the certificate aggregating $9,702.41, and thereupon the casualty company surrendered to the receiver the certificate. Dividends paid by the receiver to unsecured depositors of the bank amounted to 73⅓ per cent. of their claims.

This suit was brought in equity by the receiver against the city, its officers, and the casualty company on February 1, 1936, to recover the proceeds of the bonds remitted by the First National Bank to the city, on the ground that the pledge of these bonds by the Interstate Bank was unlawful, and to recover the dividends paid by the receiver to the Fidelity & Casualty Company, on the ground that they were paid under a mistake of law. The facts were fully alleged in the complaint, and showed that the suit was commenced more

than three years and less than five years from the time the cause of action accrued.

The city and the casualty company moved to dismiss the complaint on the ground that it showed upon its face that the suit was barred by the three-year statute of limitations of the State of Arkansas (Crawford & Moses' Dig. § 6950): The court below granted these motions. The receiver declined to proceed further, and from a decree of dismissal this appeal was taken. ·

The appellant contends:

1. That a receiver of a national bank is an officer of the United States in charge of its assets, against whom a state statute of limitations and laches can not run.

2. That the five-year statute of limitations of the State of Arkansas is the applicable statute.

3. That a federal court of equity is not bound by state statutes of limitation and that the three-year statute should not constitute a bar to this suit.

■ 1. A receiver of a national bank takes the assets as a mere trustee for creditors, and, in the absence of statute to the contrary, subject to all claims and defenses that might have been interposed against the insolvent corporation itself. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059. Such a receiver represents the bank, its stockholders and creditors, but not the government. Case v. Terrell, 11 Wall. 199, 202, 20 L.Ed. 134; O'Connor v. Rhodes, 65 App.D.C. 21, 79 F.(2d) 146, 148. He is not clothed with the sovereign powers of the United States. Brown v. Schleier et al. (C.C.A.8) 118 F. 981, 987. That state statutes of limitation are applicable to suits by receivers of national banks, we think, is conclusively demonstrated by the following cases: Curtis, Receiver, v. Connly, 257 U.S. 260, 42 S. Ct. 100, 66 L.Ed. 222; Rankin v. Barton, 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163; McClaine v. Rankin, 197 U.S. 154, 158, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; Glenn v. Marbury, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790; King v. Pomeroy (C.C.A.8) 121 F. 287, 297; Deweese v. Smith (C.C.A.) 106

F. 438, 446, 66 L.R.A. 971; Armstrong v. McAdams (C.C.A.8) 46 F.(2d) 931–933; Payne v. Ostrus (C.C.A.8) 50 F.(2d) 1039, 1042, 77 A.L.R. 531; Jones v. Canon (D.C. W.D.Tex.) 3 F.Supp. 49; Pufahl v. Parks' Estate, 57 S.Ct. 151, 156, 81 L.Ed. ——.

■ 2. The cause of action stated in the complaint is one for the recovery of money paid by mistake. No facts are stated which would justify an inference that the money obtained by the city or the casualty company resulted from fraud, corruption, or the willful diversion of the funds of the insolvent bank. The facts stated show nothing more than that payment was made under the belief that the city was a secured creditor of the bank. In the case of Futrall, receiver of the National Bank of Arkansas, of Pine Bluff, Ark., v. City of Pine Bluff, Arkansas et al., 87 F.(2d) 711, we have held that an action at law to recover money paid by mistake, under substantially similar circumstances, was barred by the three-year statute of limitations of the State of Arkansas (section 6950, Crawford & Moses' Digest of the Statutes of Arkansas). That decision controls this case, unless the fact that this suit is brought in equity invokes a different rule.

■ We are of the opinion that the cause of action asserted is a legal cause of action and subject to the state statutes of limitation, although the suit is brought as an equity suit. The result, however, would be the same were the cause of action purely equitable. While federal courts of equity, in determining their action on stale claims, are not bound by state statutes of limitation, they are, under ordinary circumstances, guided by such statutes. Benedict v. City of New York, 250 U.S. 321, 327, 39 S.Ct. 476, 63 L.Ed. 1005; Percy v. Cockrill (C.C.A.8) 53 F. 872, 876; Kelley v. Boettcher (C.C.A.8) 85 F. 55, 62; Cooper v. Hill (C.C.A.8) 94 F. 582, 589–590; Johnson v. White (C.C.A.8) 39 F.(2d) 793, 798; Johnson v. Umsted (C.C.A.8) 64 F.(2d) 316, 323.

There are no unusual conditions or extraordinary circumstances alleged in the complaint, and a refusal to be guided by the state statutes of limitation of Arkansas could not be justified.

The decree is affirmed.