### FUTRALL v. CITY OF PINE BLUFF, ARK., et al.

#### No. 10736.

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1937.

Harry T. Wooldridge, of Pine Bluff, Ark., for appellant.

Jay W. Dickey, of Pine Bluff, Ark. (A. H. Rowell, Sr., and Hendrix Rowell, both of Pine Bluff, Ark., on the brief), for appellees.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

· This is an action at law brought by the present receiver of the National Bank of Arkansas, of Pine Bluff, Ark., against the City of Pine Bluff, a municipal corporation of the State of Arkansas, and the officers of the city, to recover $43,037.81 alleged to have been erroneously and unlawfully paid to the city on November 22, 1930, by the receiver's predecessor. The action was commenced November 19, 1935, nearly five years after the alleged overpayment was made. The city and its officers (who will be referred to as defendants) in their answer denied that the payment was unlawful or erroneous, and set up the statute of limitations of the State of Arkansas as a bar to the suit. Their answer also included a demurrer to the complaint. The receiver demurred° to the answer. The court below overruled the receiver's demurrer and sustained the defendants' demurrer. Thereupon a judgment in favor of the defendants was entered, and this appeal followed.

The allegations of the complaint may be summarized as follows: That the National Bank of Arkansas was taken over by the Comptroller of the Currency on July 21, 1930, and placed in the hands of a receiver for liquidation. That at the time of the closing of the bank, the city had on deposit with it $86,075.63. That the bank, prior to its closing, had pledged to and with the city bonds of the par value of $91,000, to secure the repayment of the city's deposit. That the pledge of these bonds was ultra vires and void. That on November 22, 1930, the then receiver of the bank, acting under a mistake of law, paid to the city, upon its demand, the full amount of its deposit account in the bank, and took over the bonds pledged to the city by the bank. That thereafter there was paid to other creditors of the bank by the receiver dividends aggregating 50 per cent. of their claims. That the city has received $43,037.81 more than it should have received upon a ratable distribution of the assets of the bank and is indebted to the receiver in that amount with interest from November 13, 1935.

The first question to be determined is whether the action was barred by the statute of limitations of the State of Arkansas. No claim is made in this case that such statutes do not apply to the receiver of a national bank. The contention of the receiver is that he had five years within which to commence his action. The city argues that he was required to bring it within three years.

Section 6950 of Crawford & Moses' Digest of the Statutes of Arkansas, upon which the defendants rely, reads as follows:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after:

"First. All actions founded upon any contract or liability, expressed or implied, not in writing."

· Section 6960, which the receiver claims is applicable, provides: "All actions not included in the foregoing provisions [§§ 6942–6959] shall be commenced within five years after the cause of action shall have accrued."

The meaning of these sections of the statutes of Arkansas must be determined from the decisions of the Supreme Court of that state. An analysis of such decisions as throw light upon the question here involved has convinced us that an action to recover money paid or obtained through an honest mistake of fact or law, in the absence of fraud, corruption, or willful diversion, is an action founded upon an implied contract or liability, not in writing, and must be commenced within three years. Richardson v. Bales, 66 Ark. 452, 51 S.W. 321; Clarke v. School Dist. No. 16, et al., 84 Ark. 516, 106 S.W. 677; Board of Education of Ouachita County et al. v. Morgan et al., 182 Ark. 1110, 34 S. W.(2d) 1063. See, also, Tedford Auto Co. v. Chicago, R. I. & Pac. Ry. Co., 116 Ark. 198, 172 S.W. 1006; England v. Hughes et al., 141 Ark. 235, 217 S.W. 13; Clements v. Citizens' Bank of Booneville, 177 Ark. 1085, 9 S.W.(2d) 569; Cherry v. Falvey, 188 Ark. 827, 68 S.W.(2d) 98. And compare, Sims v. Craig, County Treasurer, et al., 171 Ark. 492, 286 S.W. 867; Core et al. v. McWilliams Co., Inc., 175 Ark. 112, 298 S.W. 879.

Since there is no suggestion in the receiver's complaint that the alleged overpayment by his predecessor to the city resulted from any fraudulent or corrupt intent or arrangement or constituted any

willful diversion of the funds in his hands, it is obvious that an action to recover such overpayment could not be commenced after three years from November 22, 1930, the date when the cause of action accrued.

Therefore, the court below did not err in sustaining the demurrer of the defendants to the complaint, and it is unnecessary to consider other questions.

The judgment is affirmed.