RICHARDSON v. BALES.

Opinion delivered May 6, 1899 .

STATUTE OF LIMITATIONS—RECOVERY OF MONEY PAID UNDER MISTAKE.—An action to recover of money paid under mistake of fact is barred in three years from the date of payment if there was no fraudulent concealment, even though the mistake was not discovered until a year or two afterwards. (Page 453.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

Mrs. N. C. Richardson, on the 31st day of October, 1896, brought suit against Henry Bales to recover $733.61, due her for money loaned, and evidenced by four promissory notes of defendant. On the 2d day of November, 1896, Bales filed an answer admitting the execution of the notes sued on, but alleged, by way of set-off, that Mrs. Richardson was due him the sum of $471.10, paid to her through mistake in a certain settlement had between them about other matters on the 19th of July, 1893, and also that he was entitled to an additional credit of six dollars for money had and received by Mrs. Richardson. Mrs. Richardson filed a reply, denying that Bales had paid her money by mistake, and controverting the other allegations of the answer. She also pleaded the statute of limitations of three years against the set-off claimed by Bales.

On the trial in the circuit court Mrs. Richardson asked the judge to instruct the jury that the claim of defendant to recover money paid by mistake was barred by statute of limitations in three years from date of such payment, which he re-

fused to do. There was a verdict and judgment for plaintiff for amount of her demand, less the amount of the set-off claimed by defendant, from which judgment she appealed.

*E. H. Vance, Jr.,* for appellant.

The demurrer to defendant's answer should have been sustained. Sand. & H. Dig. § 5722; 35 Ark. 106; *id.* 110; 60 Ark. 611; Bliss, Code Pldg. § 334. As the account for $6 shows on its face that it is barred, the demurrer thereto should have been sustained. 31 Ark. 684; 34 Ark. 164; 49 Ark. 253; 49 Ark. 438; 32 Ark. 281.

*J. S. Williams,* for appellee.

The demurrer to the answer and cross-complaint was properly overruled. 119 Ind. 79; 49 Ark. 253. Limitation does not run against fraudulent mistake until after it is dismissed. 69 N. W. 1049; 39 S. W. 919; 49 Pac. 632; 53 Pac. 410; 45 S. W. 974; 21 Wall, 342, 347, 349; 120 U. S. 130. The jury's finding against the appellant on the facts as to the limitation will not be disturbed. 46 Ark. 142; 51 Ark. 467; 56 Ark. 314; 47 Ark. 196.

RIDDICK, J., (after stating the facts.) The only question presented by this appeal is whether the claim of defendant to recover money paid by mistake was barred by the statute of limitations. It is admitted that the alleged overpayment was made in a settlement having no connection with the notes sued on, and over three years before the filing of the answer claiming the same as a set-off, and we are of the opinion that the claim was barred. Under our statute, an action to recover money paid under a mistake of fact, when there is no fraudulent concealment, is barred in three years from the date of payment. The right of action arose upon such overpayment, and the statute commenced to run immediately, even though the mistake was not discovered until a year or two afterwards. Sand. & H. Dig. § 4822; *Leather Mfg. Bank* v. *Merchants Bank,* 128 U. S. 26; *Sturgis* v. *Preston,* 134 Mass. 172; *Ware* v. *State,* 74 Ind. 181; *Jones* v. *School District,* 26 Kas. 490; Buswell, Limitations, § 171.

There is nothing in the pleadings or proof to show any

concealment of facts on part of plaintiff. The note upon which defendant claims to have made the overpayment was at once handed to him, and if he did not look at it he alone was to blame. The record shows that, at the time this settlement was made in which he says the mistake occurred, defendant and plaintiff were husband and wife. He wanted a divorce, and, in order to induce her to bring suit for a divorce, he agreed to pay her attorney's fee. As the settlement was made by defendant with that object in view, and for the purpose of smoothing the road to a divorce, he doubtless felt disposed to be liberal with his wife. His testimony displays the state of mind in which he made the settlement. "I had," he said, "considerable notes and mortgages, and I threw them down upon the table, and told her to take what she wanted." This very liberal proposition was made before the divorce. Afterwards, when the divorce had been granted, he continued to borrow money from his divorced wife, but when she sought to recover it, he alleged as a set-off a mistake and overpayment in the former settlement.

We have read the evidence carefully, and think there is reason to doubt whether any such overpayment was made. If there was an overpayment, we are still in doubt whether it was due to the alleged mistake or to the fine liberality of a man desirous of a divorce, and who, to quote the language of one of his witnesses, "was paying attention to another woman." In any event, his action to recover for the overpayment was clearly barred by the statute of limitations before this suit commenced.

This disposes of the whole case of defendant, except an item of six dollars, for which he claims credit, and which, we think, should be allowed. As defendant does not dispute the notes sued on, and as his claim of an overpayment, if there was ever any merit in it, is now barred by limitation, we think plaintiff should have judgment.

The judgment of the circuit court will, therefore, be reversed, and a judgment entered here in favor of plaintiff for the amount of notes sued on, less the credit of six dollars.