## TEDFORD *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

### Opinion delivered January 4, 1915.

1. CARRIERS—FREIGHT—DELIVERY—BILL OF LADING.—Where an automobile was shipped over defendant carrier's line to shipper's order, it is the duty of the carrier to retain possession of the automobile, and to deliver it only upon the surrender of the bill of lading given therefor.

2. CARRIERS—FREIGHT—ERRONEOUS DELIVERY—CAUSE OF ACTION ACCRUES WHEN.—Where a carrier's agent permitted freight to be taken from its possession without the surrender of the bill of lading, the carrier's cause of action to retake the goods or to bring suit for their loss, arose upon the date of their improper delivery by the agent.

3. LIMITATIONS—THREE YEAR STATUTE—BAR.—A carrier brought an action for damages against persons who obtained possession of freight without surrendering the bill of lading. Appellant was made a party defendant. *Held*, three years having elapsed between the time plaintiff's cause of action accrued, and the time appellant was made a party, that the action against appellant was barred.

4. LIMITATIONS—CONCEALMENT.—Where an action by a carrier against appellant for wrongfully obtaining possession of freight without surrendering the bill of lading, is barred by the three year statute of limitations; *held*, under the evidence it was not shown that appellant was guilty of any fraudulent concealment, which would affect the running of the statute.

Appeal from Woodruff Circuit Court; *J. M. Jackson*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant was engaged in the automobile business in Little Rock and on December 25, 1909, sold to appellee, H. O. Penrose, an Overland automobile, for $1,645.30, and on the 29th of the month, shipped the car at his request to Wheatley, Arkansas, over the Rock Island railroad, which issued a bill of lading showing it consigned to the order of shipper, Tedford Auto Company, notify H. O. Penrose. Appellant attached a draft for the price of the automobile to the bill of lading, deposited it in the Bank of Commerce in Little Rock and took credit therefor and the bank forwarded the draft

with bill of lading attached for collection, to appellee, Hunter State Bank, with instructions to surrender the bill of lading upon payment of the draft only. The Hunter bank returned the draft to the Bank of Commerce detached from the bill of lading. The railroad company transported the automobile to Wheatley and, without a surrender of the bill of lading, delivered it to H. O. Penrose. Shortly after, the Bank of Commerce demanded of the railroad company payment of the draft, producing the bill of lading which had been returned to it by the bank of Hunter and never surrendered to the railroad company. Thereupon the railroad company paid the draft, procured the bill of lading, demanded and finally recovered the automobile from Penrose, which had been damaged, and sold it back to Tedford Company for $1,050, and on the 30th of April, 1910, said railroad company brought this suit against the Hunter State Bank and Penrose for the sum of $690, the difference between the amount of the draft paid by the railroad company and the amount for which the recovered damaged automobile sold.

The complaint alleged that the defendants, Hunter State Bank and H. O. Penrose, wrongfully obtained from the railroad company at Wheatley, the automobile and appliances shipped of the value already stated and retained it in its possession until February 24, 1910, and damaged it in the sum of $624.50, and that defendants refused to surrender possession of the automobile after demand and plaintiff was required to expend the further sum of $67 in regaining possession thereof, judgment being prayed for the whole amount. On the 2d day of March, the Hunter State Bank answered denying that it obtained possession of the automobile wrongfully or at all and that it ever had or retained possession thereof and all the other allegations of the complaint. H. O. Penrose filed a separate answer on the same day, containing like denials.

On the 7th day of March, 1913, the Hunter State Bank and H. O. Penrose filed a joint answer and motion to make Tedford Auto Co. party defendant, alleging that

it was a corporation of the State, doing business in Little Rock, reciting the action to be for damages alleged to have been done to an automobile by the defendants while in their possession and stated that in January, 1911, the said auto company, without authority shipped the car to its own order at Wheatley over the line of the plaintiff railroad company and without authority drew a draft with a bill of lading attached, on Penrose, for the price of the automobile, and forwarded it to Hunter State Bank for collection; that upon receipt of the draft with bill of lading attached, said bank, under instructions from said auto company, returned the draft the said auto company agreeing to have the forwarding bank, the Bank of Commerce, at Little Rock, release the bill of lading; that it failed to have this done and the Hunter State Bank returned the bill of lading to the forwarding bank, and thereupon the Tedford Auto Company, or its agent, applied to the agent of the plaintiff railroad company at Wheatley and secured possession of the automobile without surrendering the bill of lading issued therefor. That the defendants or neither of them ever secured possession of the automobile shipped by the Tedford Auto Company, or ever had possession thereof, and alleged that the Tedford Auto Company, had possession of the automobile from the time it reached Wheatley until it was retaken by the railroad company. It alleged if there was damage to the automobile, it was done by the auto company, which was a necessary party to the suit, and prayed that process be issued and it be made so.

On April 23, 1914, appellant filed a separate answer, admitting that the Tedford Auto Company was now a corporation, but denied that it was, during December, 1909, and January, 1910, at the time the automobile was shipped, he being then sole owner; denied that the automobile was shipped without authority; admitted that it was shipped over the plaintiff's line of railroad to shipper's order, admitted the draft was forwarded, bill of lading attached, to the Hunter bank for collection; denied that the draft was ever returned by its order or

that it instructed either the Hunter State Bank, or Penrose, or any one else to return the draft or bill of lading; denied any agreement with the defendants, the plaintiff, and the forwarding bank to release the bill of lading; denied that it was ever returned to the forwarding bank, that it secured possession of the car from the railroad company without surrendering the bill of lading or that it had possession thereof at all after it was shipped from Little Rock, until it was returned to Little Rock. Alleged the car was sold to Penrose on the 30th of December, 1909, by W. L. Tedford, who was at the time the sole owner thereof and that at his request was shipped as already shown; that the draft with the bill of lading attached was forwarded by the Bank of Commerce for collection; alleged that Penrose was an officer and director in the collecting bank, and directed the bank to order the Wheatley bank, in which he was also a stockholder and director, to have the car released, saying he would take up the draft at a later date, that arrangements were made satisfactorily between Penrose, the Hunter State Bank and the Wheatley bank and the railroad company and the automobile was released without direction or knowledge of defendant, Tedford and without the surrender of the bill of lading; that the car was delivered to H. O. Penrose, who took possession of it and used it for some time; that he afterward repudiated his action in obtaining the automobile, declined to pay the draft, which was paid by said company, which brought suit against the Hunter State Bank and Penrose for the possession of the automobile and, after receiving it, sold it to reimburse itself for the money paid out.

On the 3d day of March, 1914, appellant filed an amendment to his answer, pleading the statute of limitations of three years.

It appears from the testimony that appellant, Tedford Company, sold the automobile to Penrose in December, 1909, and by his direction shipped the same to Wheatley, Arkansas, over the line of railroad of the appellee company, the bill of lading showing it consigned

to itself, notify H. O. Penrose. The seller drew a draft for the price of the automobile and the appliances forwarded, with the bill of lading attached, deposited it in the Bank of Commerce at Little Rock, which gave him credit for the amount and forwarded the draft, with the bill of lading attached, to the Hunter State Bank, of which Penrose, the purchaser of the automobile, was cashier, for collection. The draft was not paid and shortly returned to the forwarding bank, detached from the bill of lading. After some correspondence between the banks and H. O. Penrose, and the failure to answer some letters of the Bank of Commerce, the owner of the draft, a letter was finally addressed to the Hunter bank and the president thereof, H. O. Penrose's father, who denied the purchase of the automobile by H. O. Penrose, or any responsibility of the Hunter bank for the payment of the draft, and shortly thereafter the bill of lading was returned. The railroad company parted with the possession of the automobile without the surrender of the bill of lading and the evidence is in conflict as to whom it was delivered and by what authority, on the one hand tending strongly to show that it was released by order of H. O. Penrose, the cashier of the Hunter State Bank, to which the draft was forwarded for collection, and the purchaser of the car, the freight in fact being paid by the cashier of the Wheatley bank upon instructions from said Penrose.

There was testimony however, tending to show that the agent of the Tedford Company, appellant, unloaded the automobile and that it was stored at his direction, and he had been demonstrating it to Penrose, who was shown to have been riding about in it.

Tedford and his agent testified that this agent was down there only to instruct Penrose about the operation of the automobile, which the railroad company delivered to Penrose by his direction, and that the agent taught him how to operate it. The railroad company paid the draft, regained possession of the automobile at additional expense and sold it back to Tedford Company as already

set out. After the testimony was heard, the instructions given and the argument begun the railroad company on the 3d of March, 1914, obtained leave of the court to amend its complaint, alleging that if the other defendants were not liable, that the defendant Tedford Auto Company wrongfully took possession of the automobile and accessories, described in the complaint, and damaged it in the sum sued for and prayed an alternative judgment against said company therefor.

The jury found a verdict against appellant company in the sum sued for with interest from April 30, 1910, to date, and from the judgment this appeal is prosecuted.

*James A. Comer,* for appellant.

1. The suit is barred by the three years' statute of limitations. 60 Ark. 452; Kirby's Digest, § 5064; 66 Ark. 360; 69 *Id.* 311.

2. The railway company, by releasing the car without the payment of the draft, became liable for the draft. 89 Ark. 342.

3. The amendment was improperly allowed. 85 Ark. 39; 75 *Id.* 465; 59 *Id.* 165.

*Thos. S. Buzbee, Jno. T. Hicks,* for appellee.

1. The cause of action is not barred. 96 Ark. 446; 39 N. W. 529.

2. A fraudulent concealment of a cause of action prevents the running of the statute until the fraud is discovered. 92 Ark. 618; 85 *Id.* 584.

3. The amendment set up no new cause of action. Appellant was not misled. Kirby's Dig., § § 6140, 6146, 6145. The case was fairly submitted to the jury under proper instructions.

*Comer & Clayton,* for appellant in reply.

1. The burden was on plaintiff to show that the action was not barred. 70 Ark. 598. 69 *Id.* 311; 64 *Id.* 26; 53 *Id.* 96; 27 *Id.* 343.

2. The statute began to run December 31, 1909. The bar attached March 7, 1913, and there is no evidence of fraud or concealment. 71 Ark. 314; 68 Kan. 108; 74

Pac. 596; 144 Ill. 197; 33 N. E. 415; 13 Enc. Pl. & Pr. 236-7. Mere ignorance of the facts does not prevent the bar. 85 Ark. 584; 61 *Id.* 527, 545; 84 *Id.* 84, 91; 19 Am. & E. Enc. L. (2 ed.) 213-14. There must be concealment. 61 Ark. 527, 545.

KIRBY, J., (after stating the facts). Appellant contends that the court erred in giving instruction numbered 1, peremptory in effect, taking from the jury consideration of its plea of the statute of limitations, and we agree with the contention.

The railroad company brought suit against the Hunter State Bank and H. O. Penrose, for damages for the wrongful taking of the automobile on December 30, 1909, shipped over its line to Wheatley, Arkansas. This suit was begun on the 30th day of April, 1910, against the said appellees and appellant did not become a party thereto until after the filing of their joint answer on the 7th day of March, 1913, praying that it be made a party defendant.

Appellant answered on the 23d day of April, 1914, denying liability and by amendment on March 3, 1914, pleading the statute of limitations of three years against appellee's cause of action. The amendment of appellee's complaint, asking judgment in the alternative against appellant, was not made until after the hearing of the cause was begun on March 3, 1914.

(1-2) The railroad company had the right to the possession of the automobile shipped over its line to shipper's order, Wheatley, and it was its duty to retain and deliver it only upon the surrender of its bill of lading therefor. *Midland Valley Rd. Co.* v. *Fay & Egan,* 89 Ark. 342. Its agent permitted the taking of the automobile by appellant as the jury found, on December 30, 1910, and its cause of action arose thereupon. Having the right to the possession of the automobile, it could have retaken or brought suit therefor, any time after it was wrongfully received by appellant, its cause of action being then complete. *Rock Island Plow Co.* v. *Masterson,* 96 Ark. 446; *Bruil* v. *Northwestern Mutual Relief*

*Assn.,* 39 N. W. (Wis.) 529; *Nashville, C. & St. L. Ry.* v. *Dale et al.,* 68 Kan. 108, 74 Pac. 596; *Pennsylvania Co.* v. *Chicago, M. & St. P. Ry. Co.,* 144 Ill. 197, 33 N. E. 415.

(3)    The suit not having been commenced against appellant until after the filing of the joint answer of March 7, 1913, praying that it be made a party, was not commenced within three years after the cause of action accrued, December 30, 1909, the date of the wrongful taking of the automobile by appellant, and is barred by the statute of limitations. *Richardson* v. *Bales,* 66 Ark. 452.

(4)    Neither appellant company, the consignor and consignee, in the bill of lading, nor H. O. Penrose, the alleged purchaser, who was to be notified of the arrival of the shipment, had the right to the possession of the automobile, the bill of lading having been transferred to the Bank of Commerce of Little Rock, and the railroad company being responsible for the shipment and liable for a failure to deliver in accordance with the terms of its contract and bill of lading, was bound to know to whom it was delivered. It does not allege any concealment of its cause of action by the appellant nor does the testimony show any such fraudulent concealment of the cause of action against appellant as would prevent the running of the statute. It shows at most only that the railroad company concluded that the automobile was received and taken by appellees and was uninformed of the taking or receipt of it by appellant, which is not sufficient to remove the bar of the statute. *Hibben* v. *Malone,* 85 Ark. 584; *McKneely* v. *Terry,* 61 Ark. 527.

It follows that the court erred in giving said instruction and since the undisputed testimony shows that more than three years elapsed after the railroad company's cause of action accrued before suit was commenced against appellant company, the court should have directed a verdict in its favor.

The judgment is therefore reversed and the cause dismissed.

DISSENTING OPINION.

McCulloch, C. J., and Smith, J., dissenting.    The evidence was sufficient to warrant a finding that the conduct of appellant amounted to concealment of the fact that delivery of the automobile was procured by its own agent without surrender of the bill of lading. The jury found that the automobile was in fact delivered by the carrier to appellant's agent, and the failure to disclose that fact, when the carrier was called on to pay damages on account of the alleged wrongful delivery, was a concealment.    The assertion of the claim was equivalent, under the circumstances, to an affirmation that the delivery was wrongful, and since it is found by the jury that the representation was false, it amounts to a concealment of fact which prevented the statute of limitations from beginning to run until the discovery of the fraud. *Conditt* v. *Holden,* 92 Ark. 618.

The judgment should, we think, be affirmed.