BOARD OF EDUCATION OF OUACHITA COUNTY *v.* MORGAN.

Opinion delivered January 19, 1931.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

HUMPHREYS, J. This suit was brought on September 25, 1930, by appellants against appellees in the Second Division of the Chancery Court of Ouachita County to obtain a transfer to the common school fund from the general county revenue fund of that portion of the treasurer's commissions in excess of the constitutional limit of $5,000, allowed him as salary, derived from the collection of the county common school funds and credited to the county general revenue fund during the years 1924, 1925, 1926, 1927 and 1928, aggregating $14,350.83; and for interest collected from county depository banks and credited to the county general revenue

fund for the years 1924 to July 1, 1927, inclusive, amounting to $345.55; and for a transfer to the county common school fund from the several county funds that portion of interest allocated to them which was collected from the county depository banks during the last half of the year 1927 and all the year 1928, aggregating $8,472.62.

The complaint alleged that the excess commissions aggregating $14,350.83 collected by the county treasurer on the county common school funds were improperly credited to the account of the county general revenue fund contrary to law and to § 11, article 16, of the Constitution of the State of Arkansas which provides that no moneys arising from a tax levied for one purpose shall be used for any other purpose. It also alleged that pursuant to act No. 304 of the Acts of 1913, interest paid by county depositories should be placed to the credit of the respective funds from which said interest was derived, and that interest in the amount of $345.55 was collected on school funds deposited in county depository banks during the years 1924 to July 1, 1927, inclusive, and improperly credited to the county general revenue fund. It also alleged that pursuant to act No. 163 of the Acts of 1927, interest paid by county depositories should be placed to the credit of the county common school fund, whereas, during the last half of 1927 and all of 1928 interest aggregating $8,472.62 was paid by the county depository banks and improperly credited to the several county funds aforesaid.

Appellees filed an answer and demurrer to the complaint, both of which challenged the right of appellants to have the funds transferred to the county common school fund from the respective county funds to the credit of which they had been deposited, and in addition pleaded the three years' statute of limitations in bar of appellants' claim for excess commissions and interest for the years 1924, 1925, 1926 and 1927 and for interest during the last half of 1927 and all of 1928.

The suit was submitted to the trial court upon the pleadings and a stipulation of facts, which resulted in

denying appellants' claim for interest and that portion of its claim for excess commissions of the treasurer accruing more than three years before the institution of the suit, and ordering the county judge and the county clerk to transfer from the county general revenue fund of said county the sum of $6,191.79, excess commissions for the years 1927 and 1928 and interest thereon, amounting to the total sum of $6,568.94, to the several school districts for Ouachita County, same to be apportioned under the orders and directions of the county board of education as required by law.

Both appellants and appellees have appealed from the decree in so far as same is adverse to each.

The agreement of facts is as follows:

"It is agreed by and between all of the parties herein for the purpose of the trial of the issues in this suit:

"First: That the figures set out in the complaint and the amendment thereto correctly show the amount of money collected by the treasurer of Ouachita County, Arkansas, for and during the years set out in the complaint, and the amounts of money turned back to the county as excess commissions and the amount of interest collected by the said treasurers of Ouachita County, Arkansas, and which has accrued on the said funds.

"Second: That the excess commissions turned back to Ouachita County, Arkansas, for each of the years named in the complaint, were by the several treasurers placed to the credit of the county general fund, together with the interest which accrued thereon as alleged in the complaint.

"Third: That during all of the times named in the complaint, and at the present time, there has been and now is in the county general fund money in excess of the amounts now claimed by the plaintiff to have been and to be now wrongfully diverted to said fund.

"Fourth: That the records of the county court of Ouachita County, Arkansas, show that the treasurers of Ouachita County, Arkansas, immediately after the close

of each of the years during which the excess commissions were collected filed their settlements with the county court showing the total commissions collected, the amount of their expenses and the excess commissions turned back to the county, and said settlements were approved by the county court at the beginning of each succeeding year following the year in which the excess commissions were collected.

"Fifth: That, since the passage of the general county depository law, act No. 163, for the year 1927, which went into effect March 18, 1927, all of the interest derived from county funds paid by the depository has been credited to the several funds from which said interest was derived, and that the amount of interest which accrued to the several funds of Ouachita County are correctly shown in the itemized statement attached to the complaint. The sum of $2,867.12 interest as shown in said itemized statement, includes interest on the school funds claimed to have been wrongfully diverted to said county general fund as well as interest on other money in the county general fund not claimed to have been wrongfully diverted.

"Sixth: That the sum of $4,000 interest on severance tax fund shown in said statement, together with all of said severance tax fund, was transferred by the present county judge after he went into office in January, 1929, to the county highway fund. That said severance tax fund represents the proportion of the severance tax received by Ouachita County, Arkansas, from the State of Arkansas, for use on county roads. It was the practice of the county treasurers during the years complained of, upon receipt of remittance of severance tax from the State of Arkansas, to divide the funds equally for school purposes and for road purposes. The proportion of the fund going for school purposes was at once apportioned among the several school districts and credited to each school district fund. The portion going for road purposes was placed in the severance tax fund which was on

deposit with the county depository. After the present county judge, Watt Jordan, went into office, the severance tax fund was transferred to the county highway fund, and there has been in the county highway fund since that time, up to and including the date of the temporary injunction made in this suit, in excess of $5,000; since the present county judge has been in office, the severance tax fund has been discontinued.

"Seventh: The rate of interest paid by the county depository on county funds during the years complained of up to January 1, 1929, was 3½ per cent. and since said date, the county depositories have paid 3 per cent.

"Eighth: In agreeing to the above stipulation of facts, it is understood that the defendants do not agree that plaintiffs are legally entitled to the relief prayed for in the complaint or any part thereof. Defendants do not waive any of the legal rights to which they or the county of Ouachita are entitled.

"Ninth: At the time of the filing of this suit, there was on hand in the county general fund of Ouachita County, Arkansas, approximately $100,000 and the outstanding warrants against said fund at that time amounted to approximately $2,000."

The first question of law arising out of the pleadings and agreed statement of facts is whether that portion of the treasurer's commission in excess of the salary allowed him by law, derived from the collections of the county common school funds during the years 1924, 1925, 1926, 1927 and 1928 was improperly credited to the county general revenue fund. This identical question was determined by this court in the case of *County Board of Education* v. *Austin,* 169 Ark. 436, 276 S. W. 2. In that case it was ruled unconstitutional and improper to augment the county general revenue fund with that portion of excess fees over the salaries of the treasurer and collector derived from the collections of the county common school fund. To cover such excess into the county general revenue fund is inhibited by § 11, ar-

ticle 16, and also § 3, article 14, of the Constitution as amended by amendment No. 9 thereto; and when covered into the wrong fund the chancery court may order a transfer thereof to the proper fund. It is argued by appellees that the rule announced in the Austin case, *supra,* to the effect that the excess fees over the salaries of the treasurer and collector derived from the collection of the county common school fund should be allocated to said county common school fund, conflicts with § 23, article 19, of the Constitution and § 4639 of C. & M. Digest. The argument is without merit because neither the section of the Constitution nor the section of the Digest referred to provides that the excess shall be credited to the county general revenue fund. They only provide that the excess shall be paid into the State, county, city or town treasury. The purpose of the Constitution and enabling act referred to was not to divert the excess or turnback, but to provide a place for payment in order that same might then be properly apportioned and allocated.

The next question of law arising out of the pleadings and agreed statement of facts is whether § 3 of act No. 163 of the Acts of 1927 is void as an attempt to divert taxes levied for one purpose to another purpose contrary to § 11, article 16, of the Constitution of Arkansas. Section 3 of the act referred to is in part as follows: "Said interest shall be computed upon daily balances and placed to the credit of said county, with said depository, and the same shall be payable to the county treasurer monthly, and shall be immediately placed by said treasurer to the credit of the common school fund of the county and be distributed *pro rata* to each school district, according to the scholastic population. * * *"

This section deals with interest derived from the funds theretofore levied and collected and not with the tax itself which was levied and collected. The interest derived from the fund was not levied and collected as a tax. The inhibition of the Constitution referred to is against the use of the tax for any other purpose than

that for which it was levied and collected. The principle announced in the case of *Easterling* v. *Cook,* 175 Ark. 574, 299 S. W. 1009, and reiterated in the later case of *Collins* v. *Humphrey,* 181 Ark. 609, 27 S. W. (2d) 102, governs the instant case.

The next and last question of law arising out of the pleadings and agreed statement of facts is whether any part of appellants' cause of action is barred by the statute of limitations. It is conceded in the brief of appellants that the funds sought to be transferred to the county common school fund from the several county funds into which they were diverted, are not trust funds by virtue of an express trust. The general rule of law is that, while the statute of limitations will not run against an express trust until there has been a repudiation of the trust, the statute of limitations will run against implied, resulting and constructive trusts. There are some exceptions to the rule that the statute of limitations will run against implied, resulting and constructive trusts, but we think the instant case comes within the general rule and not within any exception thereto. The three years' statute of limitations provided for in § 6950 of Crawford & Moses' Digest is applicable to the claims of appellants for excess commissions and interest. It was not alleged in the complaint nor in the stipulated agreement of facts that funds claimed were wilfully diverted by the officer apportioning them, hence § 6960 of Crawford & Moses' Digest, providing for a five-year statute of limitations, has no application to the instant case.

Under the rules of law announced herein the trial court erred in denying appellants' claim for interest accruing on funds loaned to the depository bank during the last half of 1927 and all of 1928, aggregating $8,472.62. This part of the decree will be reversed, and the cause remanded with directions to render a decree, in addition to that already rendered, in favor of appellants for interest in the sum of $8,472.62. In all other particulars the decree of the trial court is affirmed.