STATE, USE PERRY COUNTY *v*. HOUSE.

4-4454

Opinion delivered December 7, 1936.

*Fred A. Donham* and *Milton McLees*, for appellant.
*Robert Bailey, Buzee, Harrison, Buzbee & Wright,*
*W. R. Donham, Edward Gordon* and *G. B. Colvin,* for
appellees.

JOHNSON, C. J. On relation of the prosecuting attorney within and for the Sixth judicial circuit of this state, this action was instituted in the Perry circuit court against appellees, Baylor House, C. A. Black and the New Amsterdam Casualty Company, wherein judgment was prayed in the total sum of $2,485.27 for the use and benefit of Perry county.

The complaint in effect alleged that during the fiscal years 1932, 1933 and 1934 Baylor House was county judge and C. A. Black was county clerk of Perry county; that during the fiscal year 1932, Baylor House as county judge contracted claims against said county in excess of the total revenues in the aggregate sum claimed and that said unlawful claims were examined and allowed by him as county judge during the fiscal years 1933 and 1934. Against C. A. Black it was alleged that he as county clerk unlawfully issued county warrants during the fiscal years 1933 and 1934 in the aggregate sums claimed which said

claims had theretofore been unlawfully contracted and allowed by House as county judge. Recovery was sought against the New Amsterdam Casualty Company as surety upon the official bond of C. A. Black as county clerk.

A demurrer was sustained by the trial court to the allegations of the complaint against House and the complaint as to him was dismissed. The complaint against C. A. Black and the New Amsterdam Casualty Company was submitted for trial upon testimony then and there adduced which established the facts alleged in the complaint. The trial court found the issues of law and fact in favor of C. A. Black and the New Amsterdam Casualty Company. Judgment was accordingly entered, from which this appeal comes.

The trial court was correct in sustaining the demurrer to the allegations of the complaint against Baylor House as county judge.

We expressly held in *Hudson* v. *State, use and benefit of Hempstead County,* 171 Ark. 1132, 287 S. W. 398, that a county judge was immune from civil liability in allowing and approving claims against a county provided such claims fall within the jurisdiction conferred upon the county court by the Constitution and laws of this state.

The county clerk's issuance of county warrants in obedience to the orders and directions of the county judge duly made and entered is the basis of the suit against C. A. Black as county clerk. It would be an anomalous rule of law to hold Black civilly liable for the clerical issuance of county warrants issued at the direction of the county court and at the same time hold that the county judge who ordered and directed such issuance not liable. Amendment No. 10 to the Constitution of 1874 does not provide civil liability for infractions of its mandate and we are unwilling to extend its provisions to this extent against one who is acting under the direct orders of the county court in this behalf. Of course, in the absence of liability of C. A. Black as county clerk, the principal, there can be no liability against his official surety.

No error appearing, the judgment is affirmed.