THE FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* STATE, USE COLUMBIA COUNTY.

4-5330                                126 S. W. 2d 293

Opinion delivered March 20, 1939.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.
*Oren Harris* and *Edwin B. Keith,* for appellee.

HUMPHREYS, J. On August 27, 1937, the State of Arkansas, on the relation of the prosecuting attorney of Columbia county filed the following complaint in the chancery court of Columbia county to recover $4,960.45 from Lula McAlister Gillum, Treasurer of Columbia county for the term from January 1, 1933, to December 31, 1934, and from the Fidelity & Casualty Company of New York, which was surety upon her official bond. The complaint is in words and figures as follows:

"Comes the plaintiff, State of Arkansas, for the use and benefit of Columbia county, Arkansas, on the relation of Oren Harris, as prosecuting attorney, and for its cause of action against the defendants, Lula McAlister Gillum and the Fidelity & Casualty Company of New York, a corporation, alleges:

"That at the general election held in Arkansas, in the year 1932, for the election of state and county

officers for Arkansas, to serve for the term of two years, beginning January 1, 1933, and ending December 31, 1934, the said Lula McAlister Gillum was elected to serve as treasurer of Columbia county, Arkansas; said Lula McAlister Gillum thereupon qualified as such county treasurer, took the oath of office prescribed by law for such treasurer, and served as county treasurer of Columbia county, Arkansas, continuously for the term of two years, to-wit: Beginning January 1st, 1933, and ending December 31, 1934; and was the regular elected, qualified, commissioned and acting county treasurer in and for Columbia county, Arkansas, at the time of the commission of the acts complained herein.

"That the defendant, The Fidelity & Casualty Company of New York is, and was at all times mentioned hereinafter, a corporation, authorized to do, and doing business in the state of Arkansas.

"The said defendant, Lula McAlister Gillum as such county treasurer, duly executed her official bond, as treasurer on the 30th day of December, 1932, with the Fidelity & Casualty Company of New York, as her surety thereon, in the sum of $22,500 for the term aforesaid, that is, for the years of 1933 and 1934, and that said bond was duly examined and approved on December 30th, 1932, by Honorable Aubrey Rowe, as county judge, and was duly filed in the Columbia county circuit court, on the 6th day of January, 1933, and affirmed and was filed for record and recorded in Record Book 3, at page 155, of the records of Columbia county, Arkansas; that among other things it was provided in said bond that if the said treasurer, Lula McAlister Gillum, shall well, truly, and faithfully discharge and perform the duties of her office, and at the expiration of her term of office, shall render unto her successor in office, a correct account of all sums of money, books, goods, valuables and other property as it comes into her custody, as such treasurer of said Columbia county, Arkansas, and shall pay and deliver unto her successor in office or any other person authorized to receive the same, all balances, sums of money, books, goods, valuables and other property, which shall be in her hands and due by her, then the above

obligation shall be null and void; else the same to remain in full force and virtue; that a copy of said bond is attached hereto, marked Exhibit 'A', and made a part of this complaint; that said Bond was in full force and effect and covered the period from January 1st, 1933, to December 31st, 1934, both dates inclusive.

"That for the years of 1930, 1931, 1932, and 1933, a large number of claims were presented to the county court of Columbia county, Arkansas, for payment of obligations incurred by said county; that said claims were allowed by said Court and ordered paid. In obedience to said order of allowance, the county clerk of Columbia county, Arkansas, drew, issued and delivered county warrants drawn upon the County General Fund in Columbia county, Arkansas, and for the fiscal year of 1930-1931, the said Court allowed claims and the county clerk thereof, issued warrants which were void for the reason that said order and warrants were made and issued, after the revenues of said county, chargeable to the County General Fund, had been exhausted, and said void warrants in the sum of $22.40, which were issued in the fiscal year of 1930-1931, were presented to the said Lula McAlister Gillum, as county treasurer, in the year of 1933, and was then and there paid, cashed and redeemed by her; that void warrants in the sum of 50c which were issued in the fiscal year of 1930-1931, were paid, cashed and redeemed in the year of 1934, by the said Lula McAlister Gillum, as said treasurer; that the county court of Columbia county, Arkansas, for the year of 1931, allowed claims and the clerk thereof, issued warrants in excess of the revenues derived from all sources for that year, which were void, and the said Lula McAlister Gillum, in the year 1933, paid, cashed and redeemed said void warrants issued in said year of 1931, in the sum of $915.19; that the said Lula McAlister Gillum, as said county treasurer in the year of 1934, paid, cashed, and redeemed void warrants, which were issued in 1931, that were void because they exceeded the revenues from all sources of that year, in the sum of $50; that the county court of Columbia county, Arkansas, allowed claims for the fiscal year of 1931-1932, and the

county clerk thereof issued warrants in excess of the revenues of said county from all sources for that year; and the said Lula McAlister Gillum, as said county treasurer, in 1933, paid, cashed and redeemed said void warrants issued in the fiscal year of 1931-1932, in the sum of $2,147.90, and in the year of 1934, the said Lula McAlister Gillum, as county treasurer, paid, cashed and redeemed void warrants issued in the fiscal year of 1931-1932, in the sum of $133.45; that the county court of Columbia county, Arkansas, for the year of 1933, allowed claims against said county and the county clerk thereof issued warrants thereon in excess of the revenues from all sources for that year, which were void, and the said Lula McAlister Gillum paid, cashed and redeemed said void warrants in the year of 1933, that were issued in excess of the revenues of the fiscal year of 1933, in sum of $221.80, and the said Lula McAlister Gillum, as said treasurer of said county, in 1934, paid, cashed and redeemed said void warrants that were issued in excess of the revenues of the fiscal year of 1933, in the sum of $725.85; making a total of said void warrants paid, cashed and redeemed in the year of 1933, by the said Lula McAlister Gillum, as treasurer of said county, in the sum of $3,307.37, and a total of said void warrants paid, cashed, and redeemed in the year of 1934, in the sum of $909.80, and a sum total of void warrants during the year of 1933, and 1934, paid, cashed and redeemed by the said Lula McAlister Gillum, to the amount of $4,217.17.

"That it became and was the duty of the said Lula McAlister Gillum, as county treasurer, as aforesaid, to refuse to accept, pay, cash or redeem all void or invalid county warrants of the said Columbia county, Arkansas, which were presented to her as such county treasurer, either for redemption in cash or in payment of any debt, forfeiture penalty, tax or any other obligation due the said Columbia county, Arkansas; that, notwithstanding this duty, as aforesaid, of the said Lula McAlister Gillum, as such treasurer, she, as treasurer of Columbia county, Arkansas, did during the term of her office, 1933-1934, accept, pay, cash and redeem void warrants in the aforesaid sum of $4,217.17, said warrants being illegal, fraudu-

lent, invalid and absolutely void, and not a valid charge against the said Columbia county, Arkansas, and to the great damage and loss to said county in said amount; said warrants being illegal, fraudulent, invalid and absolutely void, for the reason that they exceeded the revenues of said county for the year in which they were issued.

"That this breach of duty as aforesaid, by her, the said Lula McAlister Gillum, as Treasurer, constitutes and is a breach of the conditions of her official bond, as set out above to the great damage and loss of Columbia county, Arkansas, in the amount of $4,217.17.

"That on the 5th day of April, 1933, the said Lula McAlister Gillum, as county treasurer of Columbia county, Arkansas, filed her quarterly report for the first quarter of 1933, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'B', and made a part of this complaint.

"That on the 8th day of July, 1933, the said Lula McAlister Gillum, as county treasurer of Columbia county, Arkansas, filed her quarterly report for the second quarter of 1933, with the Columbia county court for Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'C', and made a part of this complaint.

"That on the 7th day of October, 1933, the said Lula McAlister Gillum, as county treasurer of Columbia county, Arkansas, filed her quarterly report for the third quarter of 1933, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'D', and made a part of this complaint.

"That on the 17th day of January, 1934, the said Lula McAlister Gillum, as county treasurer of Columbia

county, Arkansas, filed her quarterly report for the fourth quarter of 1933, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'E', and made a part of this complaint.

"That on April 13th, 1934, the said Lula McAlister Gillum as county treasurer of Columbia county, Arkansas, filed her quarterly report for the first quarter of 1934, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'F', and made a part of this complaint.

"That on the 10th day of July, 1934, the said Lula McAlister Gillum, as county treasurer of Columbia county, Arkansas, filed her quarterly report for the second quarter of 1934, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'H', and made a part of this complaint.

"That on the 3rd day of January, 1935, the said Lula McAlister Gillum, as county treasurer of Columbia county, Arkansas, filed her quarterly report for the fourth quarter of 1934, with the Columbia county court of Columbia county, Arkansas, which is a written report purporting to show the total sums of money on hand, received and disbursements made for said quarter. A copy of said report is attached hereto, marked Exhibit 'I', and made a part of this complaint.

"Plaintiff alleges that no final report was made by the defendant, Lula McAlister Gillum, at the expiration of her term of office, which ended December 31st, 1934, other than the quarterly reports filed, as stated herein; that said reports were not made under oath, as required by statute, in such cases made and provided, and in fact,

did not set forth the correct account of moneys received and disbursed, that the said defendant, Lula McAlister Gillum, as such treasurer of Columbia county, Arkansas, was required to make, because in said reports, the said Lula McAlister Gillum attempts to take credit for the said void warrants herein above described, that she paid, cashed, and redeemed. That she is not entitled to credit on her settlements for the period of 1933-1934, in the sum of $4,217.17, which was for void warrants. That it was the duty of the said defendant, Lula McAlister Gillum, to pay over said sums to the officers entitled to receive the same, and that she had failed and refused to account for and to pay over to the officer entitled to receive the same, the said moneys paid out for void warrants in the amount of $4,217.17. That the plaintiff is entitled to interest on said amount at the rate of six per cent. (6 per cent.) per annum from January 1st, 1935, until paid.

"That the defendant, Lula McAlister Gillum, as county treasurer for the term of 1933-1934, failed and refused to account for and pay over to the officer entitled to receive the same, the further sum of $743.28, that said sum was received by her as county treasurer, and credited to the School Account of Columbia county, Arkansas, that in the quarterly reports described herein, the defendant failed and neglected to give a correct account of said school funds, and said reports do not, in truth and in fact, set forth a true accounting of said fund, that the plaintiff is entitled to interest on said amount of said $743.28, at the rate of six per cent. (6 per cent.) per annum, from January 1st, 1935, until paid, that this constitutes and is a further breach of the conditions of her official bond, as set out above, to the further damage and loss of Columbia county, Arkansas, in the further amount of $743.28, making a total amount of damage and loss of Columbia county, Arkansas, due to a breach of duty, and of the conditions of her official bond, in the sum of $4,960.45.

"Wherefore, plaintiff prays that the account of the said Lula McAlister Gillum, as treasurer of Columbia county, Arkansas, for the years of 1933 and 1934, be by

the court, surcharged for fraud, error, accident or mistake and restated, and that the plaintiff have judgment against the said defendants herein named, in the sum of $4,217.17, and the further sum of $743.28, making a total of $4,960.45, together with interest thereon at the rate of six per cent. (6%) per annum from January 1st, 1935, until paid, and for all costs herein, and for all other equitable relief, to which the plaintiff may be entitled.''

To this complaint appellant filed the following demurrer:

''1.  This defendant offers to confess judgment in the sum of $743.28, which is the amount alleged that the defendant, Lula McAlister Gillum, failed to account for and pay over to the proper officer entitled to receive the same.

''2.  For its first ground of demurrer to that portion of the complaint of the plaintiff wherein recovery in the sum of $4,217.17 is sought for the cashing of void warrants, this defendant states that the complaint fails to allege facts sufficient to constitute a cause of action, for the reason that a county treasurer should not be held liable, and is not liable for the act of cashing a warrant which was void because issued in contravention of Amendment No. 10 to the Constitution of the state of Arkansas.

''3.  For its second ground of demurrer to that portion of the complaint wherein recovery for $4,217.17 is sought for the cashing of void warrants, this defendant states that the plaintiff's alleged cause of action is barred as to all warrants which were cashed more than three years prior to the date upon which the summons in this case was issued, which was the 4th day of September, 1937; that is to say, the alleged cause of action on any warrant cashed by the defendant, Lula McAlister Gillum, prior to September 4, 1934, is barred by the statute of limitations.

''4.  For its third ground of demurrer to that portion of the complaint which seeks a recovery of $4,217.17 for the cashing of void warrants, this defendant states that this court has no jurisdiction over this subject-matter for the reason that this is not properly an instance

of the right to surcharge the account of the defendant, Lula McAlister Gillum. The question of fraud, error, accident or mistake in the said officer's account is not here involved. The alleged wrongful act of the defendant, Lula McAlister Gillum, in the performance of her duties and her failure to refuse to cash the alleged void warrants have nothing to do with her accounts or settlement.

"Wherefore, the defendant, The Fidelity & Casualty Company of New York, prays that the demurrer to the complaint heretofore filed be sustained, and that the plaintiff be required to announce whether the offer to confess judgment for $743.28 be accepted, and for all other equitable relief."

Appellant refused to accept the offer of $743.28 whereupon the court overruled the demurrer to the complaint and appellant, standing on its demurrer, refused to plead further and the court rendered judgment against appellant for the entire amount sued for together with interest thereon, from which appellant duly prosecuted an appeal to this court.

Mrs. Gillum made no appearance in the case. In filing its demurrer to the complaint appellant admitted that the warrants paid by the treasurer were issued in excess of the revenues for the several years alleged, and that said warrants were void under the doctrine of the case of *State, use Jackson County* v. *Murphy,* 192 Ark. 439, 92 S. W. 2d 205, but insists that that case should be overruled in view of the fact that this court in the decision of *State, use Perry County* v. *House,* 193 Ark. 282, 99 S. W. 2d 834, released the county judge and clerk from civil liability. It is argued that these cases are inconsistent, but there is no inconsistency between them. In the latter case the county judge was exempted from civil liability because he acted in a judicial capacity within his jurisdiction, and released the clerk for the reason that he performed a clerical duty in issuing the warrant under the direction of the court. The latter case has no bearing upon the former case in which this court ruled that a duty rested upon the treasurer of a county to pay out the funds to the parties to whom they belonged and

not upon void warrants. The gist of the former case was that a treasurer who had custody of the county funds failed in the performance of his duty when he paid such funds out on void warrants. We adhere to the ruling in the former case for the reason and on the grounds therein stated which we regard as sound for otherwise Amendment No. 10 would be no protection whatever against the unlawful payment of funds which belong to the county, school districts, etc., which had been intrusted to the custody of the treasurer. It would indeed be an anomalous situation if no one were responsible for the payment of void warrants or void claims in violation of Amendment No. 10 to the Constitution of Arkansas.

Appellant also contends for a reversal of the judgment on the ground that the chancery court was without jurisdiction to determine the issues joined. It will be observed that the allegations of the complaint are that the treasurer paid out the money on void warrants, and falsely obtained credits for the amount in her accounts current and final account and prayed that the accounts be falsified and surcharged so as to show the balance due the county from the treasurer, and that the county have judgment for the amounts for which the treasurer falsely and fraudulently obtained credits. It also appears from the complaint that more than one year had expired after the final report of the treasurer so that it was not within the power of the county judge to make the correction. It is admitted in the demurrer that appellant was indebted under the provisions of its bond for $743.28 for which the treasurer had obtained false and fraudulent credits. These allegations admitted by the demurrer clearly and unmistakably state a cause of action in equity. This court ruled in the case of *Yates* v. *State, use Miller County,* 186 Ark. 749, 54 S. W. 2d 981, that chancery courts had jurisdiction to correct mistakes and fraud in settlements of county offices after the time had elapsed for the county court to make such corrections. It is true that this court said in the case of *State, use Jackson County* v. *Murphy, supra,* that ''The payment of void warrants was purely a violation of his official duty and

the bond promised that he would faithfully perform his duties," and the unlawful expenditures might be recovered in the circuit court. In that case it did not appear that the treasurer had taken credits falsely and fraudulently for the amounts he had paid out on void warrants whereas in this case it is alleged that the treasurer not only paid void warrants, but that in her settlements she took credits for the amounts she had thus paid out on the void warrants. The prayer to falsify and surcharge her account brought the instant case within the jurisdiction of the chancery court. It is conceded that one of the duties imposed by the law and against a breach of which the county is protected by the idemnity bond was that the treasurer should pay over to the county or her successor in office all moneys collected and not properly expended in the faithful performance of her duties.

Appellant's last contention is that the judgment should be reversed because the alleged indebtedness is barred by the statute of limitations. It is argued that the three-year—and not the five-year—statute of limitations (Pope's Digest, § § 8928 to 8938) applies, and that the statute began to run from the date of the treasurer's last quarterly settlement, which, as stated above, was January 3, 1935.

We think the three-year—and not the five-year—statute of limitations is applicable to this suit. The Circuit Court of Appeals of this circuit had occasion to apply § 6960, C. & M. Digest (which is now § 8938, Pope's Digest) in the case of *Futrall* v. *City of Pine Bluff*, 87 Fed. 2d 711. That was a suit to recover a sum erroneously paid to the treasurer of the city of Pine Bluff. The same statute would apply in cases of that character, whether the money had been paid to or had been paid by the treasurer, and it was there held that the three-year statute was the applicable statute. In so holding the court there said: "The meaning of these sections of the statutes of Arkansas must be determined from the decisions of the Supreme Court of that state. An analysis of such decisions as throw light upon the question here involved has convinced us that an action to recover money paid or obtained through an honest mistake of

fact or law, in the absence of fraud, corruption, or wilful diversion, is an action founded upon an implied contract or liability, not in writing, and must be commenced within three years. *Richardson* v. *Bales,* 66 Ark. 452, 51 S. W. 321; *Clarke* v. *School District No. 16 et al.,* 84 Ark. 516, 106 S. W. 677; *Board of Education of Ouachita County et al.* v. *Morgan et al.,* 182 Ark. 1110, 34 S. W. 2d 1063. See, also, *Tedford Auto Co.* v. *Chicago, R. I. & Pac. Ry. Co.,* 116 Ark. 198, 172 S. W. 1006; *England* v. *Hughes et al.,* 141 Ark. 235, 217 S. W. 13; *Clements* v. *Citizens' Bank of Booneville,* 177 Ark. 1085, 9 S. W. 2d 569; *Cherry* v. *Falvey,* 188 Ark. 827, 68 S. W. 2d 98. And compare, *Sims* v. *Craig, County Treasurer et al.,* 171 Ark. 492, 286 S. W. 867; *Core et al.* v. *McWilliams Co., Inc.,* 175 Ark. 112, 298 S. W. 879.''

In this case, as in that, the money sought to be recovered had been paid or obtained through an honest mistake of law or fact, and there was an absence of fraud, corruption, or wilful diversion.

We are, of course, not bound by this decision, but it must be remembered that the Court of Appeals was not attempting an original construction of this statute. The court was assuming to follow our construction of this statute in the cases there cited, and we think those cases support the conclusion that in actions of this character the statute of limitations is three years, and not five years. The fact that the treasurer is liable on his bond for this erroneous payment of invalid warrants does not alter the nature of the liability, which may be ascertained and recovered upon in a single suit.

We are of the opinion also that the statute of limitations commenced to run from the date of the respective settlements. The erroneous payment of an invalid warrant is the basis of the cause of action. It is this payment of an invalid warrant which constitutes the conversion of the money with which it was paid, and this conversion is consummated when the treasurer reports its payment and asks credit therefor in the settlement. When this was done a cause of action arose for the amount of money so wrongfully paid out.

Section 2435, Pope's Digest, provides that the treasurer shall annually on the first Monday in July, "and oftener, if so required," make a full and complete settlement with the county court of all funds and moneys that have come into his hands as such treasurer, and at such settlement it is made the duty of the county court to make actual count of the money appearing by such settlement to be in the treasurer's hands.

Section 2438, Pope's Digest, requires the treasurer to keep a register of warrants similar to the one required to be kept by the clerk, "to which the time when paid shall be added in a separate column," and by § 2439 the treasurer is required to file "a copy of his register of warrants paid."

By § 2440, Pope's Digest, the treasurer is required, at his annual settlement with the county court, to produce all the warrants redeemed by him during the preceding year, and the presiding judge is required to write the word "Redeemed" across the face of each warrant and sign his name thereto, and to cause all warrants thus redeemed to be filed in the office of the clerk of the county court. If quarterly settlements had been required, as they may be, the same procedure would be followed in regard to warrants for the payment of which the treasurer asked credit in the settlement. But if quarterly settlements were not required, and had not been made, then the statute would run from the date of the annual settlement in which the payment of the various warrants was reported. Here, the treasurer made quarterly settlements, which if, in fact, were settlements, showed the warrants paid during the quarter or period of time covered by the settlement. So that, in any event, the statute of limitations began to run when the treasurer sought credit for the amount of the invalid warrants which had been improperly redeemed.

This holding comports with the view upon which the recent case of *McCoy* v. *State, use of Greene County*, 190 Ark. 297, 79 S. W. 2d 94, was decided. In that case the county treasurer and the sureties upon his official bond were sued for fees and emoluments of office in ex-

cess of $5,000 per annum retained by the treasurer for the years 1929 and 1930, the term of his office. During this term the treasurer expended various sums of money in connection with the administration of his office, for which he claimed credit when sued for the excess over $5,000 which he had retained. He had previously made no report of these expenditures for which he claimed credit in the suit against himself and the sureties on his bond. We there said: "The statute could not, and did not, begin to run from the dates upon which he should have filed the settlements. It was not known that he would make, or had made, any improper charges until settlements were filed. If the three-year statute be applicable, it must be computed from the date of the filing of the August settlement in 1930. The three years did not expire until August of 1933. The claim, therefore, was not barred by the statute of limitations of three years."

It does not sufficiently appear, from the record before us, on what date the treasurer, in her reports, took credit for warrants improperly paid, but as to some, at least, of these warrants more than three years had elapsed before the filing of this suit. The cause of action was barred as to invalid warrants shown by any settlement to have been paid more than three years prior to August 27, 1937, the date on which the suit was filed.

The decree will, therefore, be reversed, and the cause remanded, with directions to ascertain these facts and to enter a decree in accordance with that finding.