The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have requested an Attorney General opinion concerning tax refunds. The following opinion is a response to your request.
You explain that the City of Pine Bluff passed an ordinance in 1969 that allows it to collect a five percent supplemental tax on alcoholic beverages sold/prepared at private clubs. The tax was collected on mixed drinks, beer, and wine. At some point after this tax had been enacted and collection had begun, many of the private clubs obtained beer and wine permits from the state, exempting them from collection of the tax on these alcoholic beverages. Recently, it was discovered by the new city collector that this tax might be being assessed inappropriately per long-standing standardized forms. The collector ceased collection of the tax on beer and wine sales. Some of the clubs that have state beer and wine permits and have paid this tax over the years on beer and wine sales now seek refunds.
In light of the above-described scenario, you have presented the following question:
(1) Is there a statute of limitations on such a refund?
(2) Are these establishments due a refund?
(3) What is the refund procedure for cities?
 (4) One of these establishments states that he did not charge the customers this tax, but paid it on his gross sales. If this tax was built into the price of the beer to the customer, would this make a difference in whether a refund may or may not be due?
RESPONSE
Question 1 — Is there a statute of limitations on such a refund?
The supplemental tax to which you refer is authorized by A.C.A. §3-9-223(f). This statute does not authorize actions for refunds, nor does it establish a limitation period for seeking refunds. Moreover, the refund and limitations provisions of other tax laws (such as those set forth in A.C.A. § 26-18-501 et seq. do not apply to city taxes. Op. Att'y Gen. No. 89-164. Accordingly, if refunds of this tax are to be sought, the taxpayers must rely upon common law principles as a basis for the refund. No statute specifically sets forth a limitations period for seeking refunds under common law principles. It is unclear under current law whether such an action would be limited, or whether it would be subject to certain more general statutory limitations periods.
An argument could be made that an action of this nature is not limited. The Arkansas Supreme Court has rendered a decision that would provide a basis for such an argument. In Acxiom Corp. v. Leathers, 331 Ark. 205,961 S.W.2d 735 (1998), the Acxiom Corp. sought refunds under the Arkansas Enterprise Zone Act of 1993, Ark. Code Ann. §§ 15-4-1701 to 15-4-1708
(Repl. 1994 and Supp. 1997). That act specifically created a right of action for refunds. However, it did not establish a limitation period for seeking such refunds. The court held that in the absence of such a statutory limitation period, the refund action authorized by this act could be sought at any time.
It is unclear why the Acxiom court did not consider certain more general statutory limitations periods.
For example, previous case law might have provided a basis for a conclusion that the three-year limitations period of A.C.A. § 16-56-105
should apply. That statute states in pertinent part:
 The following actions shall be commenced within three (3) years after the cause of action accrues:
 (1) All actions founded upon any contract, obligation, or liability not under seal and not in writing[.]
* * *
 (3) All actions founded on any contract or liability, expressed or implied[.]
A.C.A. § 16-56-105.
In Carroll County v. Eureka Springs School Dist., 292 Ark. 151. 729 S.W.2d 1 (1987), the Arkansas Supreme Court had held that the above-quoted statute (codified at that time as Ark. Stat. Ann. § 37-206 (Repl. 1962)) applied to actions to recover money paid or obtained through an honest mistake of fact or law. That case involved the recovery of tax receipts mistakenly paid by a county to a school district and city. The court held that an action to recover such tax receipts was barred by the three-year limitations period. In reaching this decision, the court relied upon Futrall v. City of Pine Bluff, 87 F.2d 711 (8th Cir. 1937) (bank's action to recover money mistakenly paid to city upon liquidation barred by three-year statute of limitations); The Fidelity Casualty County of N.Y. v. State, 197 Ark. 1027, 126 S.W.2d 293 (1939) (action of county prosecutor on the bond of the county treasurer to recover money paid from the county funds on invalid warrants barred by three-year statute of limitations); Board of Educ. of Ouachita County v.Morgan, 182 Ark. 1110, 34 S.W.2d 1063 (1931) (action by school to recover from the general fund an excessive commission paid to the county treasurer and improperly credited to general fund rather than school fund barred by three-year statute of limitations); and State, Use and Benefitof Garland County v. Jones, 198 Ark. 756, 131 S.W.2d 612 (1939) (action to recover excessive fees and commissions mistakenly paid to circuit clerk barred by three-year statute of limitations).
These precedents provide a basis upon which to ground an argument that the three-year statute of limitations should apply to a common law action for refund of taxes mistakenly collected. Although the Acxiom case did not involve money paid as a result of a mistake of fact or law, it is nevertheless puzzling that the Acxiom court did not take note of the above-cited precedents and of the possibility that the action before it may have constituted a "liability or obligation not in writing," within the meaning of the three-year statute.
It is also puzzling that the Acxiom court made no reference to the "catch-all" limitations period that is set forth in A.C.A. § 16-56-115. That provision states:
 All actions not included in 16-56-104, 16-56-105, 16-56-108, and 16-56-109 shall be commenced within five (5) years after the cause of action has accrued.
A.C.A. § 16-56-115.
The Acxiom court specifically stated that "[n]either the parties' briefs or oral arguments, nor our own research, has led us to any other potentially applicable limitations provision." Acxiom, 331 Ark. at 210. It is conceivable that the court may distinguish cases in which the refund action in question is specifically authorized by statute (as in Acxiom), and one in which the refund action is grounded in common law. Nevertheless, the court did not state such a reason for not considering the catchall provision.
For this reason, I conclude that the law on this issue is currently unclear. Plausible arguments could be made, in my opinion, for the following propositions: (1) that a common law action for refunds is not limited and can be initiated at any time; (2) that a common law action for refunds is subject to the three-year statute of limitations stated in A.C.A. § 16-56-105; and (3) that a common law action fore refunds falls within the five-year catch-all limitation period that is stated in A.C.A. § 16-56-115.
Question 2 — Are these establishments due a refund?
It is my opinion that the answer to this question will depend on the facts of each taxpayer's case. It should be noted that any action for refunds based upon common law principles must overcome the common law "voluntariness doctrine." This doctrine, under certain circumstances, precludes the refund of taxes that were voluntarily paid. The Arkansas Supreme Court most recently reaffirmed its adherence to the voluntariness doctrine in Worth v. City of Rogers, 341 Ark. 12, 14 S.W.3d 471 (2000). The court explained the rationale for the doctrine as follows:
 When taxes are paid to a government they are deposited into that government's general revenues and ordinarily are spent within that tax year. However, when the government is put on notice that it may be required to refund those taxes, it can make the appropriate allowances for a possible refund. See Hercules, Inc. 319 Ark. at 707, 894 S.W.2d at 578. If we were to allow refunds for taxes voluntarily paid in previous years, it would jeopardize current and future governmental operations because current and future funds might be necessary for the refund.
Worth v. City of Rogers, 341 Ark. at 27, quoting Mertz v. Pappas,320 Ark. 368, 896 S.W.2d 593 (1995).
The question of tax refunds is always very fact-intensive and will turn largely upon the evidence that is adduced in support of the claim for refunds, as well as the evidence presented in support of the applicability of the "voluntariness doctrine." Similarly, the question of responsibility for payment of refunds is also quite fact-oriented, and must involve a consideration of the circumstances surrounding the collection of the tax. For this reason, I cannot opine definitively as to whether any of the taxpayers about whom you have inquired would be entitled to a refund. Each taxpayer's case must be evaluated separately under its own facts.
Question 3 — What is the refund procedure for cities?
As indicated in response to Question 1, the statute that authorizes the supplemental tax in question does not authorize actions for refunds. Thus (as also indicated), any action for refunds must be based upon common law principles. Each taxpayer must consult his or her private counsel in deciding upon an approach to take in seeking refunds.
Question 4 — One of these establishments states that he did not chargethe customers this tax, but paid it on his gross sales. If this tax wasbuilt into the price of the beer to the customer, would this make adifference in whether a refund may or may not be due?
It is my opinion that this scenario would not change the principles that would be applied to this individual's case in determining whether he is entitled to a refund. That is, the court would consider and evaluate the evidence adduced in support of his claim for refunds, as well as the evidence surrounding the circumstances of the collection of the tax. The court would also consider and evaluate the applicability of the voluntariness doctrine, in light of the evidence presented.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh