# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2009

_____

| | | |
|---|---|---|
| Louis Imperato, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Benjamin C. McMinn, | * | |
| | * | Appeal from the United States |
| Defendant - Appellee, | * | District Court for the Eastern |
| | * | District of Arkansas. |
| W.C. McMinn Co., Inc., Susan Samples | * | |
| Wallace, Larry C. Wallace, Principal | * | |
| Residential Mortgage, Inc., Regions | * | |
| Bank, Inc., | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: January 13, 2005
Filed: May 9, 2005  **(Corrected 5/12/05)**

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Louis Imperato appeals the decision of the United States District Court for the Eastern District of Arkansas granting a motion to dismiss brought by Benjamin C. McMinn.  Imperato argues that the district court erred when it found that his claim

was time barred. Imperato believes that his claim may be time barred if brought under the Arkansas Fraudulent Transfers Act, but as a claim stemming from an enforcement of a judgment with a remedy of a resulting trust, his claim should be allowed to proceed. We agree and reverse the decision of the district court and remand for further proceedings.

I.

On or about August 25, 1995, Larry C. Wallace's girlfriend, and current wife, Susan Samples Wallace ("Samples"), entered into an agreement to purchase a house and real estate (the "Property") in Benton, Arkansas from a third party. Samples never closed the deal to purchase the Property. Instead, she assigned her interest in the Property to Benjamin C. McMinn. On or about September 18, 1995, Samples signed a lease agreement with Benjamin C. McMinn for the Property that required Samples to pay rent of $3,000 a month.

On October 2, 1995, Wallace transferred $155,694.87 to McMinn. Later, during the same day, McMinn issued checks from his account to himself and Samples. The amount given to Samples was $75,000. Four days later, McMinn purchased the Property. McMinn became the record title holder of the Property. From that time until the present, Wallace and Samples have lived at the house on the Property under the terms of the lease between McMinn and Samples.

During this same time period, Wallace owed Imperato a substantial sum of money. On January 22, 2001, Imperato received a judgment against Wallace for $251,344.75 in the United States District Court for the Eastern District of Arkansas. Imperato recorded his judgment on February 2, 2001.

On February 13, 2003, Imperato filed suit in the district court against Wallace, McMinn (the record title holder), and all other parties that claimed an interest in the

Property to foreclose upon Wallace's interest in the Property. McMinn moved to dismiss Imperato's complaint on the basis that it was time barred by the three-year statute of limitations applicable for causes of action under the Arkansas Fraudulent Transfers Act. Ark. Code Ann. § 4-59-201 et seq.

Imperato amended his complaint to make clear that his cause of action was not based upon the Arkansas Fraudulent Transfers Act. Instead, Imperato alleged that Wallace was the true and equitable owner of the Property despite McMinn being the record title holder. Imperato alleged that the transactions described above created a resulting trust for the benefit of Wallace, and that Imperato could enforce his judgment against Wallace by foreclosing on the Property.

On March 25, 2004, the District Court ruled that Imperato's complaint was time barred under the statute of limitations of the Arkansas Fraudulent Transfers Act. Imperato appeals.

II.

This court reviews a dismissal of a complaint de novo. Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 993 (8th Cir. 2002). We affirm a district court's dismissal "only if, accepting all allegations as true, it appears the plaintiff can prove no set of facts that would entitle him [or her] to relief." Stahl v. United States Dept. of Agric., 327 F.3d 697, 700 (8th Cir. 2003).

Imperato argues that the transactions between Wallace, Samples, and McMinn formed a resulting trust.[1] A "[resulting trust] is presumed to arise in favor of one who

---

[1] While Imperato has termed the transaction between Wallace, Samples, and McMinn as a resulting trust, it may be more accurate to refer to it as a "constructive trust." As the Restatement of Trusts notes, when "the purchaser of property takes title in the name of another for the purpose of defrauding creditors," the property, "is

pays or secures the purchase price for land at the time of the transaction when the deed is taken in the name of another." Henslee v. Kennedy, 555 S.W.2d 937, 939 (Ark. 1977). When the financier of the transaction has all of the beneficial and equitable interest in the property, and the transferee only has bare, legal title, there is a resulting trust. First Nat'l Bank of Roland v. Rush, 785 S.W.2d 474, 478 (Ark. Ct. App. 1990).

Taking the facts as alleged by Imperato to be true, the elements of a resulting trust appear to be present. Wallace provided the down payment for the house, when he gave McMinn $155,000 and McMinn kept over $80,000 of that amount. Samples, who at the time was Wallace's girlfriend, received $75,000 with which to pay rent. It is also alleged that the rent payments were far in excess of the fair market value and that the rent payments are disguised payments of mortgage, taxes, and insurance. No other explanation for the payments has been offered. Facially the allegations in the complaint are sufficient to argue a resulting trust had been formed.

The key issue, then, is whether a claim brought by Imperato is time barred. Under Arkansas law, judgments can be collected within ten years. Ark. Code Ann.

---

subject to constructive trust for the creditors of the purchaser." Restatement of Trusts § 9, comment g. Similarly, the Arkansas Supreme Court adopted the view that "where the legal title has been parted with and is beyond the scope of legal process, a constructive trust is said to arise in favor of judgment creditors with respect to the property of debtors, which has been transferred with the intent to defraud the creditors of their rights." Doster v. Manistee Nat'l Bank, 55 S.W. 137, 142 (Ark. 1900); see also Edwards v. Edwards, 843 S.W.2d 846, 849 (Ark. 1992). The failure to distinguish between a constructive and resulting trust is not unusual. The confusion between constructive and resulting trusts is common among courts and practitioners. See Valente v. Fleet Nat'l Bank, 360 F.3d 256, 262 n.4 (1st Cir. 2004). Arkansas, specifically, has used the term "resulting trust" to describe cases where fraud has allegedly been committed against creditors. See Rush, 785 S.W.2d at 478. We use the term "resulting trust" as has been argued by the parties and used in some Arkansas courts in this case even though "constructive trust" may be more appropriate.

§ 16-56-114 (2005). Further, judgment liens last for a period of ten years. Ark. Code Ann. § 16-65-117(d) (2005). Imperato argues that he therefore has ten years to enforce his judgment against Wallace and that his claim is not time barred by the Arkansas Fraudulent Transfers Act. However, the ten-year limit does not necessarily apply to his suit against McMinn because McMinn was not a party to the 2001 judgment.

Creditors, like Imperato are allowed to "step into the shoes" of debtors in a resulting trust situation to exercise the rights of the beneficiaries. See, e.g., Ransome v. Watson's Administrator, 134 S.E. 707, 709 (Va. 1926). In this case, Imperato can attempt to exercise the rights of Wallace against McMinn to collect the judgment Imperato has against Wallace. Imperato's claim against McMinn is no greater than any claim Wallace may have against McMinn. Imperato is also subject to any defense McMinn would have against Wallace, the alleged beneficiary of the resulting trust. If Wallace's claim as a beneficiary is barred by the statute of limitations, then Imperato, having stepped into the shoes of Wallace, is likewise barred. We need to look, therefore, to the issue of whether the statute of limitations bars Wallace's claim against McMinn.

McMinn argues that the resulting trust should be limited by a statute of limitations of three years for contracts not in writing. See Bd. of Educ. of Ouachita County. v. Morgan, 34 S.W. 2d 1063, 1065 (Ark. 1931) overruled on other grounds by Hartwick v. Thorne, 780 S.W.2d 531 (Ark. 1989). In Morgan, the court applied a three-year limit to a resulting trust, and McMinn believes that time limitation should apply in the present matter as well.

Even if McMinn is correct, the relevant three-year statute of limitations would not have run in the present matter. Under a resulting trust theory, the statute of limitations only begins to run from the date of a repudiation by the resulting trustee or from the time a contrary intent is brought to the attention of the beneficiaries. See

<u>Harbour v. Harbour</u>, 181 S.W.2d 805, 810 (Ark. 1944) (noting that the statute of limitations does not run in favor of the trustee); <u>see</u> <u>also</u> <u>Grand Lodge of Iowa v. Osceola Lodge No. 18</u>, 178 N.W.2d 362, 366 (Iowa 1970).  In this case, McMinn, under a resulting trust theory, is the trustee and Wallace and Samples are the beneficiaries.  There is nothing in the record to indicate that before the filing of this complaint, Wallace and Samples had repudiated the resulting trust or had been notified of a repudiation by McMinn.  As a result, Imperato is permitted to attempt to exercise Wallace's rights under a resulting trust theory without having his claim time barred.

The implication of the tolling of the statute of limitations is not that Imperato can bring a suit against McMinn at any time.  Rather, since he is only acting "in the shoes" of Wallace as against McMinn, he can only do so within the ten-year time frame enforcing the judgment against Wallace.  As Imperato has done so in this case, the statute of limitations does not bar his claim against McMinn.

### III.

Accordingly, the judgment of the district court is reversed and remanded for further proceedings.  Because the decision of the district court is reversed, and Imperato's appeal was not frivolous, McMinn's motion seeking sanctions is denied.

—————————————————